LAND, J.
The defendant was indicted for murder, the jury found him guilty of manslaughter, and he was sentenced to 10 years' imprisonment in the penitentiary. Defendant appealed.
The alleged homicide was committed on August 25, 1903, and the indictment filed on *813 November 13, 1903. The defendant was arraigned on November 14th, and the case was fixed for trial for November 23d. On the day fixed for trial, defendant filed a motion for a continuance on the ground of the absence of material witnesses. This motion was denied, but, it appearing that a proper venire had not been served on defendant, the case was reassigned for November 30th, on which day defendant renewed his motion for a continuance until the regular term oí court. In his first motion, defendant stated that his three absent witnesses were all residents of Iberia parish, and were living in the town of Jeanerette at the time he was arrested; that one of them was ill in bed, and the other two were absent at sugar making.
In his second motion, defendant sets forth that Lee Brannon and Frank Bason were “living” witnesses, and that their domicile was Jeanerette, La.; that they were temporarily absent from their home, engaged in sugar making, their whereabouts being unknown, but could be had and said witnesses produced at the next term of court; that defendant had duly summoned these witnesses by the names they were commonly known, by giving the order to the clerk, and had used all due diligence in the premises; and that he expected to prove by said witnesses certain facts, showing self-defense, which he could not substantiate by any other witness.
In his reasons, the trial judge states that the sheriff’s return on the summonses showed that no such witnesses as Brannon and Eason were known in the locality of Jeanerette by white or colored people who had resided there all their lives, and that he had made diligent inquiry in vain to locate said witnesses. This return was before the court when the first motion for a continuance was considered. The judge further states as follows: “On the day fixed for trial by the reassignment, counsel for defendant again objected to going to trial on the ground of the absence of Lee Brannon and Frank Eason, the two witnesses who could not be found on the 23d, on the grounds that they were absent.” His order for their summons in order book in the clerk’s office shows that he stated that Brannon lived in Lake Charles, and that Eason lived somewhere in the neighborhood of Morgan City. The judge further states that the district attorney objected on the grounds that the proper affidavit had not been made for the summoning of witnesses residing beyond the limits of the parish, and concludes with the declaration that, from all the facts before the court, he considered that the application was made for delay.
We think it apparent from the record that summonses issued to these witnesses as residents of Iberia parish, and, when the sheriff’s return showed that they were unknown and could not be found, the defendant applied for a continuance on the ground that they were temporarily absent from the Parish; that, before the case was called for trial on the reassignment, counsel for defense ordered'summonses to issue to these witnesses as living or residing in other parishes, without making the affidavit required by law. The record does not show that any summons was issued on this order.
The summons of a witness from other parishes is not a matter of right. The statute requires the applicant to state on- oath what it is expected to prove by the witness, and the judge has the discretion to determine whether the attendance of the witness is indispensable to the trial. Bev. St. 1870, § 1036.
We are of opinion that the motion for a continuance was properly overruled for want of duo diligence on the part of the accused, and, on the facts, we are not prepared to say that the judge abused the discretion vested in him by law in such cases.
Bills of exception from No. 2 to No. 8, inclusive, were all taken to the admissibility of testimony on behalf of the state to prove conversations, quarrels, and disputes between the accused and the deceased a few hours before the homicide. The testimony was, clearly admissible to show malice. The authorities are too numerous for citation.
Bill No. 9 was reserved to the refusal of the judge to charge specially “that race, col- or, or previous conditions must not enter into the deliberations of the jury, that all persons, of whatever race or color, are equal under the law.” “This charge was requested because the accused was a negro being tried for killing a white man.”
The reasons of the judge are substantially that the charge had no application to the issue presented—the defendant pleading self-defense—and that, as shown by his written *815 charge, he had charged the jury that all witnesses were of equal credibility, and their evidence was to he given equal weight, unless contradicted or impeached, and that the accused, who was a witness in his own behalf, was entitled to as much credence and belief as any other witness. The written charge is not in the record. As no exception was taken to the judge’s charge, the presumption is that the law applicable to the case was charged correctly, and that the ac-. cused had a fair and impartial trial. The accused made no objections to the composition of the jury, and the color, race, or previous condition of the jurors is not shown by the record. The time for testing prejudice on the part of jurors was on their examination on their voir dire. As the jurors were accepted without objection, and sworn to try the case according to the law and the evidence, the presumption is that they were without bias or prejudice against the accused. The charge of the judge, as far as we are informed by the record, was fair, impartial, and excluded all considerations of race and color. The jurors are presumed to have been unprejudiced, and were bound by their oaths to return a verdict according to the evidence. The bill does not show wherein the charge was applicable to the issues before the jury, and every juror must have known that all persons are equal under the law, and that it is both legally and morally wrong to acquit or convict an accused person on account of his race or color. In the absence of all showing of prejudice and- relevancy, we affirm the ruling of the district judge, believing that- he saw that the accused had a fair trial before an impartial jury. See State v. Casey, 44 La. Ann. 969, 11 South. 583.
The verdict and sentence appealed from are therefore affirmed.