THOMPSON, J.
 

 The defendant was prosecuted for murder, and was tried and convicted without capital punishment.- From a life sentence in the penitentiary, he prosecutes this appeal.
 

 (1) The first bill of exception is directed to the action of the trial judge in forcing the defendant’s counsel to announce whether or not he was ready for trial when the case
 
 *845
 
 on. the day fixed was called'for trial. The contention is that the defendant could not be forced to make such announcement until he had been afforded the process of the court to secure the attendance of a certain witness, or until a legal return had been made on a subpoena issued for such witness.
 

 The indictment was returned against the defendant on February 9, 1925. He was arraigned and entered his plea on the following day. The case was assigned for trial on February 19. On February 16 the defendant caused a subpoena to issue for a witness named Elijah Redding, said to reside near Jim Island in Natchitoches parish. When the case was called for trial on the day fixed, the witness failed to answer when his name was called. At that time the 'sheriff had not made a return on the subpoena. He was called and stated to the court that he had been unable to locate the witness after diligent search, and had been unable to find any one who knew such a person as named in the subpoena.
 

 A return was thereupon made by the sheriff, in which it was stated that, after due and diligent search and inquiry, the sheriff was unable to find the said Elijah Redding, or his domicile or whereabouts, and was unable to find any one authorized to represent him. It was further stated that the sheriff had been informed that the said witness was absent from the parish at Natchitoches. The return was later amended by stating that, after looking and inquiring in Natchitoches and the adjoining parish of Red River, the sheriff was informed that there was a person by the name of Elijah Reddick in De Soto parish. Thereupon the defendant’s counsel asked for 30 minutes in which to prepare an application for a continuance, which time was granted. It was at the end of this delay that counsel returned into court and for the ■first time presented his objection to being forced to make a showing for a continuance on the ground that proper return had not been made on the subpcena.
 

 In support of his contention that he could not be forced to make an application for a continuance, counsel relies on the ruling in State v. Boitreaux, 31 La. Ann. 188, and State v. Scott, 110 La. 370, 34 So. 479, to the effect that an accused cannot be forced to swear to the facts he expects to prove by an absent witness until an earnest and vain effort has been made to bring the witness to court.
 

 The facts' here presented do not bring the defendant’s case within the rule announced in the cited cases. There was clearly no violation of any right of defendant to the due process of the court, for the defendant had been granted all he asked for at that time. The sheriff had made an “earnest and vain effort” to get service on the witness, and his return stated the facts going to show the extent of his efforts in that respect. No such witness having the name called for could be located in the parish, and no one could be found who knew any person by that name. These facts established a sufficient predicate on which to require the defendant to present his showing by affidavit for a continuance, and take the case out of the rule contended for under the cases cited.
 

 But aside from this, the counsel for defendant on his own volition offered to make an affidavit for a continuance and requested and was granted time to do so. He thereby waived any right which he may have had to delay making the affidavit on the ground urged.
 

 (2) The second complaint Is urged to the action of the court in denying the motion for a continuance. The motion was made on the ground of the absence of the witness Red-ding. It is set forth that the witness resides in Natchitoches; that he is an important and material witness for the defendant; and that defendant cannot prove all the facts ex
 
 *847
 
 pected to be proved by the witness by any witness present. It is further alleged that defendant expects to prove by the absent witness that the deceased, ■ Berry Watson, the person defendant was charged with'hilling, had made threats of doing defendant bodily harm, and which threats were communicated to defendant; that the said witness was present at the time of the homicide and saw the deceased pull his pistol from his pocket and make a hostile demonstration as to do defendant bodily harm or take defendant’s life; that the said pistol was drawn before defendant drew his pistol or attempted to do any harm to the deceased; that at the time deceased drew his pistol he stated that “he has as well stop him now”; that the pistol was drawn and in the hands of the deceased in an assaulting position at the time the defendant shot the deceased.
 

 The question of whether or not a continuance of a criminal case should be granted because of the absence of a witness is primarily and essentially a matter largely within the discretion of the trial judge, and it has become a well-established rule of jurisprudence of this court not to interfere with the exercise of such discretion on the part of the trial judge in refusing the continuance, unless in extreme cases, and where it clearly appears that the'judge has abused his discretion. State v. Nix, 111 La. 812, 35 So. 917; State v. Jackson, 134 La. 599, 64 So. 481, Ann. Cas. 1916B, 27; State v. Hill, 135 La. 730, 66 So. 160; State v. Davis, 154 La. 295, 97 So. 449.
 

 We can see no reason for departing from this rule in the instant case. The trial judge, who was cognizant of all the facts and circumstances occurring in the matters before him from which the record is. made up, was certainly in a better position to determine the legal rights of the defendant than we are.
 

 Upon the record before us we cannot say that the trial judge, in refusing the continuance, acted arbitrarily and abused the discretion properly and rightfully vested in him. It was his peculiar function, from the showing made in the affidavit, and from facts transpiring before him, to determine whether the defendant had exercised the diligence required of him in securing the attendance of the witness and of procuring his testimony. The judge had the sheriff’s return before him. The return was a full disclosure of the efforts which that officer had made to discover the witness and to make service on him. The information which the sheriff had obtained by diligent search and inquiry was that no such person as named in the subpoena could be found, or had any known place of residence or domicile in the parish. And even more than this: The investigation of the sheriff extended beyond the limits of his own parish. He learned that a person bearing a name (Elijah Reddick) similar to that of the person wanted resided in the parish of De Soto. These facts were made known to the court and to the defendant’s counsel by the official return of the sheriff. The defendant made no request for delay, nor for any process of the court to obtain the witness from the adjoining parish.
 

 In view of these facts, the judge was warranted in ruling that the defendant had not exercised the diligence required of him to justify the granting of his motion.
 

 The judge was also of the opinion that the affidavit was insufficient in law and in point of fact in that it merely alleged that all the facts expected to be proved by the absent witness could not be proved by any witness present, and that it failed to specify any particular facts that defendant would be unable to prove by the witnesses present.
 

 The mere statement in an affidavit for a continuance that the defendant has exercised due diligence in endeavoring to secure
 
 *849
 
 the presence and the testimony of a witness is not sufficient. It is incumbent on the defendant to set forth a state of facts which would show due diligence.
 

 Nor was the judge bound blindly to accept the statement in the affidavit that the witness resided in the parish and could be had at a future term of court, in view of the sheriff’s return that no such person could be found or had any domicile in the parish. It may well be that the witness, if there be such a person by the name given, was absent with the consent and procurement of the defendant. We do not assume this to be so; nevertheless the affidavit ought to negative such fact.
 

 But it is argued that the trial judge was without authority to consider the facts before him in passing on the right of defendant to a continuance and that he should have acted solely on the facts stated in the affidavit under the rule of jurisprudence holding that such an affidavit cannot be traversed by any evidence or by the return of the sher-. iff—citing to that effect State v. Simien, 30 La. Ann. 296; State v. Lundy, 131 La. 910, 60 So. 613; State v. Kugero, 117 La. 1040, 42 So. 495.
 

 We do not think the rule pertinent to the facts of this case. No evidence was offered to traverse the affidavit. The affidavit alleged that a subpoena had been issued for the witness, and necessarily that subpoena with the sheriff’s return, if not actually attached to the affidavit, was before the court, formed a part of the affidavit, and was properly taken into consideration by the judge along with the affidavit.
 

 We are not prepared to subscribe to the broad statement of the rule that the facts stated in an affidavit for a continuance are conclusive and binding on the court; that the judge must accept as true whatever may be alleged in the affidavit and cannot for the purpose of considering such affidavit take judicial notice of facts transpiring before him. If this -were the true rule, then the judge would be stripped of all discretion and deprived of all power to deny a continuance.
 

 The door would be opened to imposition on the court, and to the commission of gross fraud and perjury on the part of an accused, whose only defense is not infrequently to secure a delay of his trial. A witness may not have been summoned at all, or, if summoned, may have been sitting in the presence of' the court and known to the court, and yet, if the court could not take notice of the presence of the witness, and must accept the facts stated in an affidavit that such witness had been summoned and was at the time absent, the administration of criminal justice by the courts would be grievously thwarted and made the subject of deserved ridicule and reproach.
 

 Our conclusion is that the court in the exercise of its discretion may bring to bear all facts and circumstances transpiring in the proceedings before him on the trial of a motion for a continuance, as well as the facts stated in the official return of the sheriff on the subpoena placed in his hands for service, even though such facts amount to a traverse and contradiction of the affidavit for a continuance.
 

 Our opinion is that the judge in this case was fully justified in denying a continuance, for the reasons given by him, and in holding that the defendant had been afforded the due process of the court in an effort to secure the attendance of his witness. This ruling is not in conflict with the case of State v. Copola, 157 La. 98, 102 So. 82.
 

 In that case the court found that no proper official return had been made by the sheriff ; that the irregular return which was made failed to show that the officer had made the serious effort expected of him to serve the subpoena. All that the return showed was that the officer found no such
 
 *851
 
 street number as the one given by defendant, and it did not appear, as it does in this case, that the officer had made diligent inquiry as to the whereabouts of the witness.
 

 We held that the. mere statement of the officer that he had been unable to locate the' street address was insufficient to disclose a diligent inquiry and that defendant’s constitutional guaranty of compulsory process for obtaining witnesses was violated when he was forced to trial.
 

 The facts of the two cases are obviously dissimilar. In the instant case, as we have seen, the sheriff made every effort by diligent search and inquiry to find the witness. He even went so far as to inquire beyond the limits of his own parish, and did locate a person having a name similar to that of the person wanted, and informed the court and the defendant’s counsel of that fact by his official return.
 

 (3) The third bill relates to the refusal of the court to have a person (Will Golen) brought into court as a juror when his name was called, in order that the defendant might have the opportunity of accepting or rejecting the said juror. The juror had been in attendance on court, but was absent when called.
 

 Without objection on the part of defendant, other jurors were called and examined. The regular venire was exhausted when the defendant objected'to proceeding with the examination of tales jurors until the named juror had been called and examined. In order.to proceed with the case, the district attorney challenged the absent juror peremptorily. There was no illegality in the action of the court in permitting the district attorney to challenge the juror in his absence. The district attorney would have had the same right if the juror had been present. The state had not exhausted its peremptory challenges. There was no injury to the defendant and his complaint is without merit.
 

 (4) The fourth bill was to the denial of a motion by the accused to set aside a panel of 25 persons drawn from the tales jury box to serve as tales jurors after the regular venire had been exhausted.
 

 It appears that 30 names had been drawn from the box in the trial of a case on the day previous, thus reducing the number remaining in the box to 70.
 

 The contention is that the number in the box should have been supplemented so as to bring the number up to the standard of 100 before the 25 were drawn therefrom to serve as talesmen.
 

 This question was ruled adversely to defendant’s contention in State v. Desselles, 150 La. 510, 90 So. 773, 779, wherein we said:
 

 “It appears that the box had been opened by the clerk of court for the trial of a case that preceded this case, and that some names had therefore been drawn, from the box. The law does not require, and it is not practicable, that the tales jury box shall always contain the complement' of 100 names of men qualified for jury duty.”
 

 To rule otherwise would be to require the constant attendance of the jury commission at every term of the court at which jury criminal cases are to be tried in order to supplement the box whenever any number had been drawn therefrom. The law does not require impracticable things to be done, nor will the court do so. Besides we fail to see wherein the defendant was prejudiced by drawing 25 jurors from a box containing 70 instead of 100.
 

 (5) The fifth bill is to the refusal of the court to admit before the jury evidence tendered by the defendant to prove the dangerous character of the deceased.
 

 The testimony was excluded, for the reason that a sufficient foundation had not been established by proof of an overt act or of a hostile demonstration towards the defendant by the deceased.
 

 The evidence as a basis for the bill of exception was not taken down and we are com
 
 *853
 
 pelled to accept the statements of the trial judge as to what the evidence established in support of his ruling. The trial judge gives the names of the witnesses and the facts testified to by them which sustain his conclusion •that no overt act or hostile demonstration was made by the deceased toward the defendant, but, on the contrary, that the defendant was the aggressor. The ruling of the court was in accord with the well-settled jurisprudence of this court. State v. Boudreaux, 137 La. 227, 68 So. 422; State v. Golden, 113 La. 791, 37 So. 757; State v. Craft, 118 La. 111, 42 So. 718; State v. Benoit, 144 La. 276, 80 So. 329; State v. Sandiford on rehearing, 149 La. 951, 90 So. 261.
 

 (6) The sixth bill is to the denial of a new trial on a formal motion that the verdict was contrary to the law and the evidence. The defendant has not referred to the matter in his brief. The motion is without serious consideration and we mention it only to show that it has not escaped our attention.
 

 For the reasons assigned, the verdict and sentence are affirmed.
 

 O’NIELL, C. J., absent.