297 So.2d 660 (1974)
STATE of Louisiana
v.
William HILL, III.
No. 54513.
Supreme Court of Louisiana.
July 1, 1974.
*661 Murphy W. Bell, Director, Woodson T. Callihan, Jr., Trial Atty., Baton Rouge, for defendant-appellee.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellant.
Robert G. Pugh, Shreveport, for amicus curiae.
SANDERS, Chief Justice.
This is a murder prosecution. The Grand Jury of East Baton Rouge Parish, Louisiana, indicted William Hill, III, for first degree murder of Tracy M. Lathers, in violation of LSA-R.S. 14:30, paragraph 4, applying to a homicide in which the offender "has a specific intent to kill or to inflict great bodily harm upon more than one person." Under the statute, as amended by Act 109 of 1973, the crime of first degree murder is punished by death.
Hill filed a motion to quash the indictment on two grounds:
(1) The death penalty constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution; and
(2) The statute is unconstitutional, because the jury is empowered to return a responsive verdict of second degree murder or manslaughter, which does not carry a death penalty.
The defendant relied upon the decision of the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
The trial judge sustained the motion to quash, being of the opinion that the power to return responsive verdicts of lesser included non-capital crimes rendered the statute unconstitutional under the holding of the United States Supreme Court in Furman v. Georgia, supra. The State appealed.
All contentions in defendant's motion have been answered adversely to him in our recent decision in State v. Selman, La., 300 So.2d 467 (No. 54,376 handed down on June 10, 1974). There, we held that the death penalty for aggravated rape was constitutional, rejecting defendant's attack on the same grounds alleged here.
The present statute, LSA-R.S. 14:30, reads as follows:
"First degree murder is the killing of a human being:
. . . . . .
"(4) When the offender has a specific intent to kill or to inflict great bodily harm upon more than one person,
. . . . . .
"Whoever commits the crime of first degree murder shall be punished by death."
The death penalty for murder, when the perpetrator has the intent to kill or inflict great bodily harm on more than one person, is neither barbarous nor disproportionate to the offense. See State v. Selman, supra; State v. Crook, 253 La. 961, 221 So.2d 473 (1969); 21 Am.Jur.2d, Criminal Law, § 613, p. 563. In fact, the Due Process Clause of the United States Constitution sanctions the death penalty when it is imposed with due process of law.
We conclude, therefore, that capital punishment per se is not constitutionally proscribed.
*662 The defendant contends, however, and the trial court agreed, that the power of the jury to return responsive verdicts for lesser included non-capital offenses renders the statute unconstitutional. We disagree.
As provided in the statute, the death penalty is mandatory for first degree murder. Article 817 of the Louisiana Code of Criminal Procedure, as amended by Act 125 of 1973, prohibits a qualification of the guilty verdict. If the defendant is found guilty as charged, the trial judge must impose the death penalty. The penalty cannot be applied in a discriminatory manner. See Furman v. Georgia, supra; State v. Holmes, 263 La. 685, 269 So.2d 207 (1972). It is true that Article 814, as amended by Act 126 of 1973, lists as responsive verdicts second degree murder, carrying a sentence of life imprisonment, and manslaughter, carrying a sentence of imprisonment up to 21 years. See LSA-R.S. 14:30.1; LSA-R.S. 14:31. The use of these lesser verdicts, however, is contingent upon the jury finding insufficient evidence to convict the defendant of first degree murder, with which he is charged. The jury is concerned only with guilt. It has no sentencing function. LSA-La. Const. Art. 19, Sec. 9 (1921); LSA-C.Cr. P. Art. 802.
In State v. Selman, supra, we stated:
"The fact that death is the mandatory penalty for aggravated rape but not for the responsive verdicts of attempted aggravated rape and simple rape is of no moment. The sole determining factor as to which penalty will be imposed depends upon the particular crime for which the jury finds the accused guilty, if any. Therefore, we conclude that there is no discretion in the jury for the imposition of the death penalty ..."
We hold, therefore, that the death penalty for first degree murder in LSA-R.S. 14:30 contains no constitutional infirmity.
For the reasons assigned, the ruling of the trial judge sustaining the motion to quash the indictment is reversed, the indictment is maintained, and the case is remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge for further proceedings according to law and consistent with the views herein expressed.
DIXON, J., dissents.
BARHAM, J., dissents and assigns reasons.
BARHAM, Justice (dissenting).
In its opinion the majority reverses the trial court's ruling sustaining defendant's motion to quash the Grand Jury indictment charging him with first degree murder. The trial court based its ruling on its opinion that the statutory retention of the jury's power to return responsive verdicts of lesser included offenses not punishable by death rendered the first degree murder statute unconstitutional under the holding in Furman v. Georgia, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346 (1972). I am of the opinion that the trial court's ruling was correct and that the motion to quash the indictment was properly granted.
In addition to the per curiam opinion in Furman reversing the death penalties in three capital cases there under consideration, nine separate opinions were filed by the members of the Court. Three of the five justices who made up the majority based their determinations that the death penalty in those cases constituted cruel and unusual punishment on the discriminatory manner in which the death sentences were imposed. I therefore conclude that the primary offending element of capital punishment which the Furman majority sought to abolish was the discretionary imposition of the death sentence. See my dissent in State v. Selman, 300 So.2d 467 (No. 54,376, decided June 10, 1974).
I briefly reiterate my position as set forth in my dissent in Selman. Under our present statutory scheme the jury, by virtue of its right to return responsive verdicts, continues to be vested with unfettered discretion to impose or refrain from imposing the death penalty after trial of a *663 capital offense. When such discretion exists, and its exercise results in the imposition of the death penalty in some cases but not in others, it is of no moment that the jury does not actually impose the penalty, but only determines whether the defendant is guilty of the capital crime charged or some lesser offense. Opportunity for discriminatory imposition of the death penalty still exists. The Legislature has not avoided the "unequal application" of the death penalty as Furman requires.
I respectfully dissent.