319 So.2d 294 (1975)
STATE of Louisiana
v.
Anthony DUPUY.
No. 56136.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied October 9, 1975.
*295 Gano D. Lemoine, Jr., Cottonport, Michael F. Kelly, Marksville, for defendantappellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen, Eddie Knoll, Dist. Atty, Jeannette Theriot Knoll, Asst. Dist. Atty, for plaintiff-appellee.
DIXON, Justice.
Defendant was charged under R.S. 14:30 with the murder of Adrian McNeal. The jury returned a responsive verdict of manslaughter, from which defendant has appealed, briefing six assignments of error.
Assignment of Error No. 1
Defendant moved for a change of venue on the ground that he could not obtain a fair and impartial trial by reason of prejudice against him in the minds of the residents of Avoyelles Parish.
C.Cr.P. 622 provides:
"A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
"In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial."
The intent of this article as stated in the official revision comment is:
". . . A change of venue ought to be available even though, individually, each juror is not susceptible to a valid challenge for cause, if the defendant can show that overriding all of these things and superimposed upon all of them he still cannot get a fair trial. The change of venue concept should operate where the state of the public mind against the defendant is such that jurors will not completely answer honestly upon their voir dire, or witnesses will be so affected by the public atmosphere that they will not testify freely and frankly."
In such a motion, defendant has the burden of proving that he cannot obtain a fair trial in the parish where the prosecution is pending. State v. Bell, 315 So.2d 307 (La.1975); State v. Leichman, 286 So.2d 649 (La.1973); State v. Richmond. 284 So.2d 317 (La.1973).
*296 Defendant introduced nine newspaper articles,[1] none of which was inflammatory, and some twenty randomly selected witnesses by whom defendant sought to establish that he could not obtain a fair and impartial trial; the testimony of these witnesses did not support that contention. Defendant additionally argued that because of threats made against his life, extraordinary security measures would be taken which would adversely affect his opportunity to have a fair trial.
Article 622 requires a showing of more than mere knowledge by the public of the facts surrounding the case; in addition it requires proof of such prejudice in the public mind that a fair and impartial trial cannot be obtained in the parish. State v. Flood, 301 So.2d 637 (La.1974); State v. Leichman, supra; State v. Richmond, supra.
In light of the evidence in support of the motion for a change of venue, we cannot say that the trial court committed error in denying the motion.
Assignment of Error No. 2
Defendant contends that the State failed to prove that Avoyelles Parish was the parish of proper venue.
Evidence adduced at trial indicated that defendant and Jesse Bordelon met Adrian McNeal outside of Alexandria, Louisiana and drove him toward Simmesport, Louisiana. At Hamburg, a town in Avoyelles Parish, defendant left the main road and entered the Ring Levee Road, ostensibly to allow Bordelon to relieve himself. At this point, McNeal was tied and placed in the trunk of the automobile which then proceeded toward the new bridge at Simmesport. Near the top of the bridge, defendant and Bordelon threw McNeal over the bridge into the Atchafalaya River, which forms the boundary between Avoyelles and Pointe Coupee Parishes.
As required by C.Cr.P. 615, the State has the burden of proving venue beyond a reasonable doubt:
"Improper venue may be raised by motion to quash, and in such case the motion shall be tried by the judge alone. Even if the issue of venue has been passed upon by the judge prior to trial, the state on the trial shall have the burden of proving proper venue beyond a reasonable doubt."
The defense argues that there is no evidence that the middle area of the new bridge at Simmesport is in or even near the Avoyelles Parish boundary and therefore that venue has not been proven.
C.Cr.P. 611, requiring that the trial be brought in the parish of the offense, describes what is meant by "parish of the offense:"
"All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred."
Official revision comment (b) clarifies this provision by the following language:
"In the above article the "act or element" test is adopted in preference to the `substantial element' test of the 1942 amendment of former R.S. 15:13. It will be noted that the act or element which confers venue must be one of several, which as a whole and united together constitute an offense."
*297 Therefore, if acts constituting an offense occur in more than one parish, venue is proper in either. Because there is uncontroverted evidence that McNeal was tied and placed in the trunk of the automobile near Hamburg in the Parish of Avoyelles, the State has met its burden.
This assignment of error is without merit.
Assignment of Error No. 3
In that part of defendant's brief under the heading "Assignment of Error No. 3," he complains of the "notice of intention" to introduce confessions and inculpatory statements. The notice (C.Cr.P. 768) was handed defense attorneys immediately prior to the trial. Defendant objected to the notice because it "did not specify the specific confessions and/or statements." The objection was overruled and the assignment of error was reserved.
In brief before us, defense counsel states that, because of a preliminary examination, the defense was aware of one purported confession, but was not aware that the State intended to adduce inculpatory statements from two other witnessesthe estranged wife of the accused and one other person.
When the testimony of the defendant's estranged wife was adduced, the only objection made to the inculpatory statement related by the wife was based on the husband-wife privilege. No objection was made to the inculpatory statement testified to by the other witness that indicated the defense was surprised or prejudiced by the failure to identify the inculpatory statement in the "notice of intention."
The character of the "notice of intention" required by C.Cr.P. 768 was recently and thoroughly discussed in State v. Sneed, La, 316 So.2d 372, decided June 23, 1975. A majority of this court was of the opinion that the article 768 notice should be adequate to inform the defendant of the nature of the particular inculpatory statement the prosecution planned to use.
We did not there hold, however, that the "bare-bones" notice, like the one used in this case (which merely stated that the prosecution intended to introduce confessions and statements, both exculpatory and inculpatory) was such a violation of the codal requirement that it would, without any showing of prejudice, require reversal.
Nor do we now find that the defendant in this case was so prejudiced. This assignment of error is without merit.
Assignment of Error No. 5
In this assignment, defendant argues that it was error for the trial court to refuse a challenge for cause against juror Herbert Moreau. The record shows that Moreau "went to school" with the prosecuting attorney and that Moreau had employed the prosecuting attorney on "several occasions." It was not shown that this relationship would in any way influence this juror; moreover, the juror was questioned as follows:
"BY THE COURT:
Q. Would that relationship or this friendliness you have with Mr. Knoll, would that make you lead (sic) toward his side of the case rather than be fair?
A. No sir. No sir.
Q. It would not make you lean on his side?
A. No sir.
"BY DEFENSE COUNSEL:
Q. If you think that because of your relationship with Mr. Knoll as a friend, that this would in any way impair you in a fair and impartial judgment of this defendant?
A. No sir, I don't think so."
*298 Because the trial court satisfied himself that this juror could accept the law as given by the court and the evidence as adduced at trial, we cannot say that he abused his discretion. State v. Jones, La., 315 So.2d 650, decided June 23, 1975; State v. Blanton, 312 So.2d 329 (La.1975); State v. Bastida, 310 So.2d 629 (La.1975); State v. Richmond, supra.
This assignment of error is without merit.
Assignment of Error No. 6
In his sixth assignment of error, defendant argues that the trial court erred in refusing to order Officer Don Miller, who was testifying from memory, to produce his police report for defense scrutiny.
This question was answered by our decisions in State v. Lane, 302 So.2d 880 (La.1974); State v. Payton, 294 So.2d 211 (La.1974); State v. Tharp, 284 So.2d 536 (La.1973). We have not required investigating officers to produce investigation reports when their testimony emanates from memory.
This assignment of error is without merit.
Assignment of Error No. 7
Defendant contends that the trial court erred in admitting into evidence statements made by him to his wife which, allegedly, were confidential.
This contention is based upon R.S. 15:461, which reads in relevant part:
"The competent witness in any criminal proceeding, in court or before a person having authority to receive evidence, shall be a person of proper understanding, but;
"(1) Private conversations between husband and wife shall be privileged."
Where there is a lack of evidence to the contrary, communications between spouses are presumed to be confidential. State v. Pizsolotto, 209 La. 644, 25 So.2d 292 (1946).
In the case before us, defendant's wife was questioned out of the presence of the jury with respect to communications made to her by defendant. It was her testimony that third persons were present during the two communications at issue: defendant's mother on the first occasion, and his niece and her husband on the second. Upon the evidence introduced, the trial court determined that there were third persons present at the time of the conversations and concluded that the spousal immunity was unavailable to defendant. Objecting to this ruling, defense counsel contended that he had not had an opportunity to examine these third persons. Yet, as far as the record discloses, each of these persons was a defense witness; the defendant made no offer or attempt at that time to call them to the stand, and was not denied the right to call them by the court. Although each of these "third persons," when called later, denied hearing the defendant make the inculpatory statements, it was then too late to assist the judge in deciding whether the husband-wife communication was truly confidential and thus privileged. The State had made a prima facie showing that the statements were not privileged, and the burden of going forward had shifted to the defendant on this, his effort to exclude the testimony. On the record before the trial judge at the time of the ruling, we find no error.
The conviction and sentence are affirmed.
NOTES
[1] According to stipulation, the aggregate circulation of these newspapers is 10,650, comprised in the following breakdown:

4000The Alexandria Daily Town Talk (daily)
2800The Weekly News (weekly)
2800The Bunkie Record (weekly)
950The Cottonport Leader (weekly)
Additionally, it was stipulated that the population of Avoyelles Parish is 37,751.