353 So.2d 978 (1977)
STATE of Louisiana
v.
Louis QUALLS, Jr.
No. 59994.
Supreme Court of Louisiana.
December 19, 1977.
Rehearing Denied January 27, 1978.
*981 Bobby L. Culpepper, Baker, Culpepper & Brunson, Jonesboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon H. Whitten, Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Louis Qualls, Jr. was charged by bill of information with attempted first degree murder of Marjorie Walker in violation of R.S. 14:30 and R.S. 14:27. After a trial by jury, he was found guilty of attempted manslaughter and was sentenced to three years at hard labor. Defendant appeals his conviction and sentence based upon seventeen assignments of error. Finding no error, we affirm.
Between the late evening hours of September 3, 1976 and the early morning hours of September 4, 1976 the following events took place. Before leaving home to join William Ray Tilley, Mrs. Marjorie Walker received a phone call from the defendant, whom she had been seeing over an eighteen month period. When she refused to meet him, he hung up in anger. Mrs. Walker then spent approximately three hours with Mr. Tilley driving around town and drinking. Mr. Tilley dropped Mrs. Walker off around eleven o'clock and joined his friends Ronnie Potts and Vernon Vines. Later Mrs. Walker was seen with the defendant at a local bar.
At approximately one-thirty a. m. Tilley, Potts and Vines came upon Mrs. Walker, apparently in a drunken state, driving erratically. They pulled her over and Mr. Tilley offered to drive her home while Potts and Vines followed. Both vehicles stopped for a short while at a filling station. Defendant pulled in, got out of his car, and fired three shots in the direction of the Walker vehicle. Tilley immediately drove off at the sound of the gun fire, and, speeding over a rain slicked road, drove off the road and hit a tree. Mrs. Walker sustained serious injuries in the accident. A police officer at the scene of the accident retrieved a bullet from inside the car and noticed a bullet hole above the rear window.

Assignment of Error No. 1
Defendant contends the trial court erred in ruling that the State's answer to his motion for bill of particular was adequate. The trial judge's per curiam reveals that defendant failed to note any objection to the answers or to the court's ruling finding them sufficient. C.Cr.P. 841. The basis for an objection cannot be raised for the first time on appeal.
This assignment is without merit.

Assignment of Error No. 2
Defendant argues that a motion to quash the bill of information should have been granted. Among the various complaints, he argues that he should have been charged by grand jury indictment. Attempted first degree murder carries a maximum possible punishment of fifty years at hard labor. Only when a crime is capital or punishable by life imprisonment is a grand jury indictment mandated. Louisiana Constitution of 1974, Art. 1, § 15; C.Cr.P. 382. That fifty years might equal life imprisonment is not controlling, because of the system of classification of crimes employed in Louisiana. The other allegations raised in the motion to quash have no arguable merit.
This assignment is without merit.

*982 Assignment of Error No. 3

Defendant contends the trial court erred in determining at a preliminary examination that there was probable cause to hold defendant for trial. We have consistently held that the question of probable cause is moot once a defendant has been tried and convicted by a jury. See, e. g., State v. Walker, 344 So.2d 990 (La.1977).

Assignment of Error No. 4
Defendant asserts as error the trial judge's refusal to excuse a juror for cause. The juror was excused by defendant's peremptory challenge and thus did not serve, but defendant is nevertheless allowed to raise the issue on appeal since he later exhausted his peremptory challenges. State v. Ballard, 337 So.2d 481 (La.1976).
On voir dire defense counsel asked the juror if she could assume the defendant was just as innocent as she. She responded yes but, sensing the trouble she had answering the question, the prosecutor pursued the inquiry. She then explained her feeling that if defendant were as innocent as she, he would not be on trial. The juror also revealed she would be more inclined to believe a law enforcement officer than other witnesses (her husband is a law enforcement officer). On further questioning by the trial judge, she indicated she could believe certain witness testimony over contradictory testimony by a police officer, and also accepted the proposition that the defendant was innocent until proven guilty.
The trial judge was satisfied the juror could serve impartially and would not be influenced by her husband's employment. We cannot say that his failure to excuse her was an abuse of his discretion. C.Cr.P. 797(2) and (3); State v. Wilkerson, 326 So.2d 353 (La.1976); State v. Dupuy, 319 So.2d 294 (La.1975); State v. Blanton, 312 So.2d 329 (La.1975).
This assignment has no merit.

Assignments of Error Nos. 5, 10 and 11
Defendant argues in Assignments of Error Nos. 5 and 11 that the notice required by C.Cr.P. 768 of the State's intention to use inculpatory statements or confessions of defendant was inadequate under State v. Sneed, 316 So.2d 372 (La.1975). Therefore, he contends, the trial court erred in admitting in testimony regarding two statements made by defendant when he arrived at the scene of the accident.
State v. Sneed, supra, held that C.Cr.P. 768 notice must specify the date or occasion of the statement and the persons to whom it was given in order to sufficiently notify defendant to be able to meet the issue. The notice provided by the State in the instant case was the same "bare bones" notice found objectionable in Sneed". . . the State . . . intends to introduce inculpatory statements, exculpatory statements, and/or confessions made by the defendant. . ."
In Assignment of Error No. 10, defendant asserts that a statement he made to Potts and Vines immediately after the shooting was immaterial, irrelevant and highly prejudicial to him, and therefore should not have been admitted.
The State argues, in response to all these assignments, that the statements were res gestae, and that, in regard to Assignments Nos. 5 and 11, 768 notice does not apply. See, e. g., State v. Davis, 336 So.2d 805 (La.1976); State v. Fink, 255 La. 385, 231 So.2d 360 (1970). Regarding Assignment No. 10, the State contends that the statements would be independently admissible as an exception to the hearsay rule. R.S. 15:447, 448.
The subject of these assignments is testimony regarding the following statements by the defendant. Mr. Vines testified that immediately after the shooting and after Mr. Tilley sped off with Mrs. Walker, defendant opened the door to the truck where Vines and Potts were sitting, asked what they were doing, held a gun at them, and told them they "had better get to moving." Vines also testified that at the scene of the accident defendant drove up still holding a gun, and upon seeing Potts and Vines said "I told you to get out . . . get to moving a while ago, boy." Vines then overheard *983 defendant responding to Mrs. Walker's complaints of pain by stating, "Well, that's good for you . . . I ought to have went ahead and killed you."
Res gestae is defined as "events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events." R.S. 15:447. "To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitant of it, or form in conjunction with it one continuous transaction." R.S. 15:448.
The statement made to Potts and Vines at the filling station immediately after the shooting was part of a continuing transaction and properly admitted as res gestae. The statement was closely related in time and, in qualifying or characterizing it, became part of the act. State v. Curry, 263 La. 997, 270 So.2d 484 (1972). Therefore, there was no error in admitting that statement. Assignment of Error No. 10 is without merit.
The res gestae exception, however, does not reach defendant's statements made to Potts and Vines and to Mrs. Walker at the accident scene. The State argues that the statements were all part of a continuous transaction. R.S. 15:448. The evidence is otherwise. The accident itself, which occurred within fifteen to thirty minutes after the shooting and one-half to one mile down the road, might have resulted from efforts to leave the scene of the shooting quickly. But between the time of the shooting and defendant's appearance at the scene of the accident, defendant drove to Mrs. Walker's home, and had time to change automobiles. No evidence indicated defendant chased Mrs. Walker's car from the filling station to the scene of the accident. Therefore, the statements were not made under the "immediate pressure of the occurrence," R.S. 15:447, and were not res gestae; the State erred in failing to include a more particular description of same in the 768 notice.
Nevertheless, a violation of this codal requirement does not warrant a reversal absent a showing of prejudice. State v. Dupuy, supra. As defense counsel himself asserted in oral argument, defendant's statement to Mrs. Walker that he should have killed her would not by itself be evidence of defendant's intent to kill her at the time of the shooting. Nor would defendant's statement to Vines and Potts that he told them to move along awhile ago reflect directly on defendant's guilt or innocence. No prejudice has been shown by the admission of the statements. There is no reversible merit to Assignments of Error Nos. 5, 10 and 11.

Assignment of Error No. 6
When the prosecuting attorney moved to file the article 768 notice into evidence, the trial judge asked, "That's a notice of statement to be used." Defendant contends that that amounted to a comment on the evidence in violation of C.Cr.P. 772. There is no merit to this contention. Although not so punctuated in the transcript, the words constituted a question by the trial judge about the subject matter of article 768. Moreover, defendant failed to object to the judge's remarks and is therefore barred from asserting the objection here. C.Cr.P. 841.

Assignment of Error No. 7
Defendant contends there was error in allowing Mrs. Walker to testify about her injuries received in the accident following the shooting. He asserts that such testimony was irrelevant to the case. The State responds that the injuries were so related to the shooting as to be part of the res gestae.
The accident, itself, appears from the record to have been the result of excitement arising from the shooting. The car into which the shots had been fired sped from the scene of the shooting and overturned a short distance away in a one-car accident. The accident was relevant to the state of mind of the victims and the effect upon them of the shooting. The State did *984 not dwell on this testimony and made clear that the injuries did not result from the gunshots.
This assignment is without merit.

Assignment of Error No. 8
Defendant objects to the admission of Mrs. Walker's testimony that defendant had previously threatened her as being immaterial and highly prejudicial. Testimony regarding previous threats is admissible as declarations of the accused tending to establish motive or intent. R.S. 15:446; State v. Leming, 217 La. 257, 46 So.2d 262 (1950); State v. Nix, 111 La. 812, 35 So. 917 (1904).
There is no merit to this assignment.

Assignment of Error No. 9
Defendant contends the trial court erred in allowing the prosecuting attorney to go beyond the proper scope of redirect examination.
R.S. 15:281 provides:
"The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on the redirect."
Cross-examination by defense counsel of Mrs. Walker had been limited to questions regarding where she had been before eight o'clock p. m., her meeting that night with Mr. Tilley, and her relationship with defendant. On redirect, the assistant district attorney showed Mrs. Walker a photograph of an automobile which she identified as her own.
Although interrogation regarding Mrs. Walker's car improperly went beyond the subject matter of the cross-examination, defendant was given the opportunity to again cross-examine Mrs. Walker, and did so. The conditions of R.S. 15:281 having been fulfilled, there has been no showing of abuse of discretion by the trial judge permitting extension of the scope of redirect. See, e. g., State v. Smith, 340 So.2d 247 (La.1976); State v. Sneed, 328 So.2d 126 (La.1976). Nor was there any prejudice to the accused by Mrs. Walker's identification of the car in the photograph as her own.
This assignment is without merit.

Assignment of Error No. 12
While examining the arresting officer about having booked the defendant into jail, the prosecuting attorney asked, "Did he make any statement to you at that time?" After defense counsel objected to the question on the ground that no foundation had been laid, the prosecutor withdrew the question. The witness never responded to it. Defendant then moved for a mistrial alleging the statement to be prejudicial.
There is no merit to this contention. The assistant district attorney's remark does not fit within any of the categories warranting a mistrial, C.Cr.P. 770, nor is it the kind of statement that would prejudice the jury against the defendant. C.Cr.P. 771.

Assignment of Error No. 13
There is no merit to defendant's contention that there was an improper foundation laid or an insufficient chain of evidence for the introduction of a bullet a police officer retrieved from Mrs. Walker's car.

Assignment of Error No. 15[1]
Defendant contends a mistrial should have been granted when the prosecuting attorney made the following statement in closing argument:
"[W]e generally like to feel that we have a person charged with the right charge when we send them before the grand jury and the grand jury indicts them or in this case, the District Attorney's Office files a bill of information. We just don't write something down. We have to know *985 what the facts and the evidence are in the case and then we can make the decision of what to charge someone with."
The State argues the statement was offered in rebuttal to defense counsel's argument that the State had charged defendant with the wrong crime. C.Cr.P. 774.
We find the prosecutor's remarks could have been interpreted as an opinion of defendant's guilt, an opinion which might have been based upon something outside the evidence admitted at trial (see, e. g., State v. Kaufman, 304 So.2d 300 (La. 1974), but was not intended by the prosecution to have that effect. Although defendant's motion for a mistrial was denied, the trial judge admonished the jury to disregard the assistant district attorney's statement. We are of the opinion that the effect of the prejudicial remark was cured by the admonition. We reach this conclusion because the argument and rebuttal on this point were both irrelevant. At any rate, the jury found defendant guilty of attempted manslaughter, not attempted murder, which was the crime charged.
There is no merit to this assignment.

Assignment of Error No. 16
Defendant alleges error was committed in denial of his motion for a new trial. In addition to again alleging all of the assignments of error previously discussed, defendant contends there was no evidence of any of the essential elements of attempted manslaughter. The record reveals some evidence of the crime of which defendant was convicted and therefore we may not set aside the conviction. State v. Anthony, 347 So.2d 483 (La.1977). The particular argument advanced by defendant was discussed and dismissed in State v. Cooley, 260 La. 768, 257 So.2d 400 (1972). There we held that, if there is sufficient evidence to convict defendant of a greater offense which includes the offense for which defendant was convicted, the evidence will necessarily and automatically, because of our statutory system of responsive verdicts, support the conviction for the lesser offense.
This assignment is without merit.

Assignment of Error No. 17
Defendant contends the trial court erred in denying his motion in arrest of judgment basing his argument upon several grounds. C.Cr.P. 859.
Defendant first alleges that the bill of information is substantially defective in that it omits reference to the applicable subdivision of R.S. 14:30. The offense was committed on September 4, 1976, one month after 14:30 was amended to omit the various subdivisions defining the offense. La. Acts 1975, No. 657, § 1.
Defendant next makes various constitutional challenges on the statutes under which he was prosecuted. He alleges R.S. 14:30 is unconstitutional without setting forth any grounds for the purported unconstitutionality. We presume he contests the death penalty to which one convicted of first degree murder is subjected. We need not reach this question, however, since defendant was not threatened with the imposition of such a penalty, having been charged only with attempted first degree murder. Defendant further contends that the attempt statute, R.S. 14:27, is unconstitutional in that part of the statute providing that "lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt" is a comment on the evidence. There is no prohibition against such a "comment" in a statute.
Defendant also contends that the allowance of a responsive verdict of attempted manslaughter for a charge of attempted first degree murder is unconstitutional. See C.Cr.P. 814(A)(2). We have previously held our responsive verdict system to be constitutional. State v. Smith, 322 So.2d 197 (La.1975); State v. Hill, 297 So.2d 660 (La.1974).
Therefore, there was no error in the trial court's denial of defendant's motion in arrest of judgment.
*986 For the reasons assigned, defendant's conviction and sentence are affirmed.
SANDERS, C. J., concurs.
NOTES
[1] Defendant's counsel at oral argument specifically abandoned Assignment of Error No. 14, acknowledging that a motion for directed verdict is no longer available. See C.Cr.P. 778.