534 So.2d 1296 (1988)
STATE of Louisiana
v.
Edwin R. HILL.
Nos. 88-KA-0080, 88-KA-0800.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1988.
Rehearing Denied November 29, 1988.
Writ and Stay Order Denied January 27, 1989.
Harry F. Connick, Dist. Atty., Sandra Pettle, Beryl M. McSmith, Asst. Dist. Attys., New Orleans, for plaintiff.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BYRNES, WILLIAMS and PLOTKIN, JJ.
*1297 PLOTKIN, Judge.
Defendant Edwin Hill appeals his conviction for possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966. We reverse and remand for a new trial.
Hill was arrested at the corner of Ptolomy and Hendee in the Algiers section of New Orleans by New Orleans Police Officers Bernard Butler and Byron Wimbush at about 5 p.m. on December 31, 1986. Officer Butler testified at trial that he and Officer Dunn were on routine patrol in an unmarked police car when he spotted Hill and another black male, Lester Walton, standing on the corner talking. Officer Butler stated that Hill was holding a clear plastic bag, which looked like it contained handrolled cigarettes. The defendant "drop-kicked" the bag under a car parked at the corner when he saw the police approaching, Officer Butler stated. Officer Wimbush stated that he did not witness this activity, but stopped the car at the curve because his partner alerted him to the fact the defendant had kicked something under the car. Officer Butler stated that the two men were walking away when they stopped at the curve.
Both men were stopped and searched. The officers found a small bag of marijuana in the defendant's right top jacket pocket. The bag which had been kicked under the car was retrieved and found to contain 133 marijuana cigarettes. The police also found on the defendant's person $48, which Officer Butler said was pulled from "almost every pocket that he had." Neither officer saw any transaction occur between the two men.
The defendant testified at trial that he was standing on the corner of Hendee and Ptolomy streets talking to Walton when the police stopped them. He claims that two other men had been standing on the corner, but had run away after one of them yelled "police."
Although the defendant requested that Walton be subpoenaed, Walton failed to appear on the date of trial. Defendant's motion for a continuance based on nonappearance of a material witness was denied. The return on the subpoena reveals that the sheriff's office sought to deliver the subpoena on three consecutive daysMay 20, 21 and 22, 1987. The return indicated that when no one answered the door on May 22 the subpoena was left on the door and a neighbor verified this action.
Walton had appeared and testified on the defendant's behalf at the motion to the suppress the evidence. He stated that he had spoken with the defendant at the corner for about 15 minutes prior to the arrest and that he did not see any drugs in Hill's possession, although he did see the police find the bag of marijuana cigarettes under the car.
On the morning of trial, the defendant was allowed to delay his opening statement until after the prosecution had made its statement to allow him time to attempt to locate the witness. The defendant was also granted a brief recess at the end of the State's case, but the motion for a continuance was denied. When the witness still could not be located, the defendant was forced to proceed to trial without Walton's testimony.
Defendant was found guilty as charged by a jury at his June 2, 1987 trial. His motion for new trial was denied and he was sentenced to three years at hard labor. He bases his appeal on two assignments of error. However, since we find that defendant is entitled to a new trial because his constitutional right to compulsory process was denied by improper service of a subpoena on a material witness and the resultant nonappearance of the witness for trial, discussion of the other issue is pretermitted.
A defendant's right to compulsory process for obtaining witnesses on his behalf is embodied in both the federal and state constitutions and in the statutory law of this state. See U.S. Const. amend. 6; La. Const. art. I, sec. 16. La.C.Cr.P. art. 731 provides, in pertinent part, as follows:
The court shall issue subpoenas for the compulsory attendance of witnesses at hearings or trials when requested to do so by the state or the defendant.
*1298 The right of a defendant to compulsory process includes the right to demand subpoenas for witnesses and the right to have them served. State v. Latin, 412 So.2d 1357 (La.1982); State v. Lee, 446 So.2d 334 (La.App. 4th Cir.1984).
La.C.Cr.P. art. 735 allows service of a subpoena by personal or domiciliary service. Proper domiciliary service requires that the sheriff leave the subpoena at the "dwelling house or usual abode of the witness with a person of suitable age and discretion residing therein as a member of the domiciliary establishment of the witness." The article does not allow the sheriff to leave the subpoena on the door of the witness' residence.
The record shows that Hill properly requested that Walton be subpoenaed well in advance of his trial. When a defendant makes proper request for the subpoena of a witness but the witness cannot be found by the sheriff, the sheriff is required by La.C.Cr.P. art. 736 to "set out in his return every fact that in his opinion justifies the return." Additionally, the sheriff is required to exercise reasonable diligence in searching for the person designated in the subpoena. State v. Mizell, 341 So.2d 385 (La.1976).
In the instant case, the return indicates that the subpoena was delivered, but delivered incorrectly. Although the government generally has no obligation to look for a witness requested by the defendant unless he was made unavailable because of some culpable conduct on the part of the government, State v. Hogan, 404 So.2d 488 (La.1981), in this case the defense was lead to believe that the subpoena had been delivered since it was not returned undelivered. This was misleading to the defendant and denied him his constitutional right to present a defense at trial. This was especially prejudicial in the instant case when all the evidence presented to the jury boiled down to a head-to-head confrontation between the defendant and a police officer. Had Walton testified and had his testimony supported defendant's story, the result might have been different. Therefore, we hold that the defendant's right to compulsory process and his right to present a defense were denied by the improper delivery of the subpoena.
Accordingly, the defendant's conviction is reversed and the case is remanded to the district court for new trial.
REVERSED AND REMANDED.
WILLIAMS, Judge, dissents with reasons.
It is established law that the right to compulsory process to obtain the attendance of witnesses is predicated upon the exercise of due dilligence by the defendant. State v. Burns, 504 So.2d 124, 133 (La.App. 2d Cir.1987), writ den., 505 So.2d 1142 (La. 1987); State v. Williams, 524 So.2d 1221 (La.App. 3d Cir. 1988), writ den., 530 So.2d 93 (La. 1988); State v. Clark, 437 So.2d 879, 881 (La.App. 2d Cir.1983), writ den., 442 So.2d 460 (La.1983); State v. Hattaway, 180 La. 12, 156 So. 159 (1934). As such, it is incumbent upon defendant to set forth facts showing his due dilligence. State v. Burns, 504 So.2d at 133; State v. Clark, 437 So.2d at 887; State v. Doty, 158 La. 842, 104 So. 736 (1925). Thus, because of defense counsel's failure to exercise the due dilligence required of him in order to secure the presence of his witness, it is my opinion that the State did not deprive defendant of his constitutional right to compulsory process and the trial court properly denied defendant's motion for new trial based upon the alleged denial of that right.
The subpoena return clearly indicates that the deputy sheriff attempted to serve defendant's witness at his domicile on three separate occasionsMay 20, 21, and 22, 1987. Following his third unsuccessful attempt at service, the deputy sheriff left the subpoena at the witness's domicile by sliding it under the door; his actions being verified by a neighbor of the prospective witness. While this service does not strictly adhere to the provisions of C.Cr.P. art. 735, the return does establish the deputy sheriff did in fact exercise due dilligence in attempting to locate the person sought to be served.
*1299 Had defense counsel checked the subpoena return prior to trial, he would have known the deputy sheriff's actions had not strictly complied with the provisions of LSA-C.Cr.P. art. 731 et seq. and he could have tailored his pre-trial actions accordingly, either by reissuing the subpoenas or filing a written motion for continuance alleging the appropriate grounds. See State v. Burns, 504 So.2d at 133. Counsel's failure to check the subpoena return prior to trial constituted a lack of due dilligence on his part required of him to procure his witness's attendance at trial. State v. Burns, 504 So.2d at 133. Hence, defendant's contention that he was denied his constitutional right to compulsory process should be rejected due to defense counsel's own lack of due dilligence.
Moreover, defendant's contention should also be rejected on procedural grounds. At trial, defendant could have made an oral motion for continuance, see State v. Washington, 407 So.2d 1138 (La.1982); State v. Clark, 437 So.2d at 879; State v. Burns, 504 So.2d at 132, prior to the selection and seating of the jury; motioned for a recess in order to locate his witness, see State v. Mizell, 341 So.2d 385 (La.1976); or preserved his claim in some other timely fashion. His failure to make a timely complaint about the absence of his witness, waived his right. Thus, defendant's claim that he was denied the right of compulsory process, which he raised for the first time in his motion for new trial, was properly denied by the trial court.
Under all these circumstances, I conclude the trial court did not abuse its discretion in denying defendant's motion for new trial. Accordingly, for the reasons assigned, I respectfully dissent.
ON APPLICATION FOR REHEARING
PLOTKIN, Judge.
We issue this opinion to answer the prosecution's contentions in its application for rehearing that we improperly reversed the trial court's denial of the defendant's motion for new trial.
The prosecution makes two basic arguments: (1) that the defendant did not meet his burden of proving entitlement to a new trial because he failed to supply this court with a copy of the transcript of the motion hearing and (2) that the defendant was not entitled to a new trial because he failed to exercise due diligence in assuring the presence of his witness at trial.
The prosecution claims that the defendant had the burden of supplying this court with a copy of the transcript of the motion hearing under the provisions of La.C.Cr.P. art. 914.1, which provides, in pertinent part, as follows:
A. The party making the motion for appeal shall, at the time the motion is made, request the transcript of that portion of the proceedings necessary, in light of the assignment of errors to be urged. Not later than five days after the motion, the opposing party may designate in writing the transcript of that portion or portions of the proceedings necessary to oppose the appeal.
Under the express provisions of the above codal article, the defendant in this case had the burden only to provide the court with the portions of the transcript he felt were necessary to support his appeal. Obviously, the defendant in this case did so, and obviously the court agreed with him, as his appeal was granted. If the prosecution felt the transcript of the motion for new trial hearing was necessary to oppose the appeal, it had the burden of furnishing that transcript to this court.
The prosecution also argues that the defendant failed to prove that the witness, Lester Walton, did not get actual notice of the trial date or that the method of serving the subpoena caused the witness' absence at trial. Nothing in our original opinion required the defendant to present such proof. Our reversal of the trial court's decision was based on a strict interpretation of the defendant's constitutional right to compulsory process. Under the laws of this state, the sheriff's office is responsible for the proper delivery of subpoenas. The sheriff's deputy failed in that responsibility in this case. Our reversal is based strictly *1300 on that finding, not on any requirement that the defendant prove that that failure resulted in the witness' absence.
The prosecution's office next alleges that the defendant's attorney failed to exercise due diligence to procure the presence of the witness because he failed to check the subpoena returns to determine whether his witnesses had been served. Under the jurisprudence of this state, due diligence is a prerequisite to the right of compulsory process. State v. Burns, 504 So.2d 124, 133 (La.App. 2d Cir.), writ denied 505 So.2d 1142 (La. 1987). However, we find that the defense attorney did exercise due diligence in the instant case.
Defense attorneys are not required by law to follow up on their subpoena requests to be sure that the sheriff's office has fulfilled its obligation to either deliver the subpoena properly or to properly mark the subpoena "undelivered." Once a party has properly made request for a subpoena to be issued, he has a right to presume that the sheriff's office will meet its obligation properly. Although an attorney should be expected to assure himself of the presence of witnesses, he should be able to phone the sheriff's office to discover the status of his subpoena return. There is no evidence in the instant case that the defense attorney did or did not investigate the status of the subpoena, but the prosecution would have us fashion a rule which would require attorneys to physically look at every subpoena return prior to trial. Such a rule is unworkable and unnecessary.
The above reasoning is especially pertinent under the facts of the instant case, which involves a defense attorney employed by the Orleans Indigent Defender's Office, assigned to the case by the trial judge. The OIDP is underfunded, thus the attorneys are overworked and underpaid. To require those attorneys to physically check every subpoena return would place an undue burden on persons who perform a great public service. For that reason also, we decline to accept the prosecution's argument.
REHEARING DENIED.
WILLIAMS, J., would grant rehearing for reasons assigned in original dissent.