CIACCIO, Judge.
Raising one assignment of error, defendant appeals his conviction for possession of cocaine in violation of La.R.S. 40:967 F(l). Having reviewed the record considering defendant’s assigned error and any error discoverable by inspection of the pleadings and proceedings, La.C.Cr.P. Art. 920, we have found no error warranting reversal or modification of defendant’s conviction or sentence. We, therefore, affirm.
Defendant complains that the trial judge should have allowed him time to secure the presence of a witness, a police officer, subpoenaed by the state but who failed to appear at trial.
*232 Seven police officers participated m the surveillance, apprehension and arrest of defendant. At the motion to suppress the state called Officers Gaudet and Wininger. At trial the state called Officers Gaudet and Keller.
When the state rested its case, defendant called Officer Wininger. At the state’s request a subpoena had been issued for Officer Wininger (as well as for the other six officers), but the record contains no indication whether that subpoena was served or what was indicated on the Sheriff’s return. Officer Wininger did not appear at trial; at the time he was under a department suspension.
Defense counsel had not spoken to Officer Wininger about testifying and was apparently unaware that he had not appeared at trial. Although counsel did not move for a recess, the trial judge indicated that he was not prepared to grant a recess having concluded that defense counsel had failed to exercise due diligence to procure the attendance of the witness. We find no error.
The right of a defendant to compulsory process for obtaining witnesses in his behalf is found in both the federal and state constitutions and Louisiana’s statutes. U.S. Const. Amend VI; La. Const. of 1974, Art. 1, Sec. 16; La.C.Cr.P. Art. 731. The right to compulsory process is the right to demand subpoenas for witnesses and the right to have those subpoenas served. State v. Latin, 412 So.2d 1357, 1361 (La.1982), and cases cited therein. To be entitled to a recess to secure the presence of a witness, the defendant must state in his motion (among other things) facts showing due diligence used in an effort to procure attendance of the witness. La.C. Cr.P. Art. 709; State v. Warren, 437 So.2d 836, 838 (La.1983).
In this matter defendant did nothing to procure the attendance of the witness. When the state rested its case and defendant realized that the state was not going to call Officer Wininger, defendant called Officer Wininger. Counsel stated no facts to the court, nothing to show due diligence used in an effort to procure attendance of the witness. The record does not contain a return on the subpoena; we do not know how or if it was served, and from the record, neither did defense counsel. Counsel admitted to the trial judge that he had never spoken to Officer Wininger about testifying and had decided to call him only after the state rested without calling him. Counsel, apparently, was not even aware that Officer Wininger had not appeared at trial. At a minimum, counsel should have determined prior to trial whether Officer Wininger had been served properly with the subpoena and then, if convinced that he had been served properly, to check on the morning of trial that the witness had appeared as commanded by the subpoena. Being unaware of whether the witness was served and whether he appeared at trial, never having spoken to him about testifying, and waiting until he is called as a witness to discover his non-appearance and possible unavailability, requesting then that the court delay the trial for purposes of finding and procuring the attendance of the witness, is not due diligence. The trial judge did not err by refusing to delay the trial.
Defendant has misplaced reliance on State v. Hill, 534 So.2d 1296 (La.App. 4th Cir.1988). In Hill this- court held that defense counsel was not required to follow-up on his subpoena requests to insure that the sheriffs returns are correct. Hill is not applicable to this case because counsel made no request for subpoenas and no returns are in the record.
Accordingly, we affirm defendant’s conviction and sentence.
AFFIRMED.