PAUL A. BONIN, Judge.
 

 | TTwenty years after the district attorney filed the bill of information charging him with issuing worthless cheeks, the defendant, Larry Dillon, was arraigned. Mr. Dillon moved to quash the bill of information on the ground that his speedy trial rights had been violated.
 

 Finding that leaving a notice of arraignment on the door of the defendant’s home was sufficient service, and that the statutory two-year period within which to bring Mr. Dillon to trial had been interrupted, the trial judge denied the motion to quash. Mr. Dillon then entered a plea of guilty under
 
 Crosby,
 
 and reserved his right to appeal the denial of the motion to quash.
 

 Because we find that the trial judge abused her discretion in finding that Mr. Dillon was properly served, we vacate her ruling. But because the trial judge did not reach other issues raised by the motion and by the prosecution, we remand, with instructions, to the trial court for further proceedings. We explain below in more detail our ruling.
 

 _hi
 

 Mr. Dillon was arrested and incarcerated on October 21, 1990. The magistrate set bail at $2,000, but it was not posted. On October 29, 1990, he was released from pretrial detention on a Prison Control Release (PCR). Unlike a secured or unsecured bail bond, the PCR did not contain any undertaking or obligation by the released person to agree to appear in court. The PCR was signed by Mr. Dillon and did include a home address for him.
 

 On November 14, 1990, the district attorney filed the bill of information with the clerk of court, in which bill Mr. Dillon was charged with issuing worthless checks to a supermarket in the amount of more than $100 but less than $500,
 
 [1]
 
 a non-capital felony at that time. The case was allotted and the arraignment was scheduled for December 6, 1990. A notice of arraignment was issued to Mr. Dillon, which commanded his appearance. His home address as shown on the PCR was provided for the service location.
 

 The Orleans Parish criminal sheriffs deputy attempted to serve Mr. Dillon on three separate occasions at the home address, but there was no response. On the third and final date, which was December
 
 *475
 
 5, 1990, the deputy left Mr. Dillon’s notice in the door of his home and noted his action on the notice’s return.
 

 When Mr. Dillon did not appear for his arraignment, the district judge ordered the issuance of an alias capias for his arrest.
 

 On July 29, 2010, Mr. Dillon was arrested and later appeared before the trial court for arraignment. He then filed his motion to quash. After its denial by the district judge, Mr. Dillon entered a plea of guilty as charged, but reserved his right |sto appeal the ruling.
 
 [2]
 
 After accepting his guilty plea, the district judge sentenced Mr. Dillon.
 
 [3]
 
 This appeal follows.
 

 II
 

 One ground for a pretrial plea that may be raised by a motion to quash is that “[t]he time limitation ... for the commencement of trial has expired.” LA. C.CR.P. ART. 582 A(7). Also, a defendant may raise a claim of denial of his federal and state constitutional speedy trial rights by a motion to quash.
 
 See State v. Reaves,
 
 376 So.2d 136 (La.1979). As a general statutory rule, no trial shall be commenced in a non-capital felony case, such as this one, “after two years from the date of institution of the prosecution”. LA. C.CR.P. ART. 578 A(2). This time limitation, however, is subject to interruption.
 
 [4]
 
 The cause of the interruption of the time limitation, as found by the district judge, was that Mr. Dillon, the defendant, “fail[ed] to appear at any proceeding pursuant to actual notice, proof of which appears of record.” LA. C.CR.P. ART. 579 A(3). The district judge decided, over the defense’s objection, that the deputy’s leaving the defendant’s notice of arraignment in his door was “proper service”.
 

 Once a defendant has failed to appear after notice which appears in the record, the time accrued to that date is not counted, and the two-year time limitation “com-mencefs] to run anew from the date the cause of interruption no longer exists.” LA. C.CR.P. ART. 579 B. Thus, the district court concluded that the |4two-year time limitation had not expired and Mr. Dillon still could be subjected to trial on the charge of issuing worthless checks.
 

 Ill
 

 We generally review trial court rulings on motions to quash under an abuse-of-discretion standard.
 
 See State v. Love,
 
 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206;
 
 State v. Batiste,
 
 05-1571 (La.10/17/06), 939 So.2d 1245. We specifically review a ruling on a motion to quash on the ground that the time limitation or prescriptive period for commencement of trial has expired under that same standard.
 
 See State v. Ramirez,
 
 07-652, p. 4
 
 *476
 
 (La.App. 4 Cir. 1/9/08), 976 So.2d 204, 207. A district court necessarily abuses its discretion if its ruling is based on an erroneous view of the law.
 
 See, e.g., Cooter & Gell v. Hartmarx Corp.,
 
 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990);
 
 United States v. Taylor,
 
 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (noting that discretionary choices are not left to a court’s inclination, but to its judgment, which is guided by sound legal principles). Thus, if a trial court in exercising its discretion bases its ruling upon an erroneous view or application of the law, its ruling is not entitled to our deference.
 

 Here, the trial judge expressly based her finding that the time limitation had not expired on her conclusion that the deputy sheriffs leaving the defendant’s notice in the door of his home constituted proper service. There is, we first observe, no express provision of our procedural law specifically regarding service on a defendant of notice of his arraignment.
 
 [5]
 
 The particular notice of arraignment, which is before us, expressly commands or orders Mr. Dillon’s to appear at a time and place specified. Thus, the notice of arraignment closely resembles the form for | fia subpoena of a witness.
 
 See
 
 LA. C.CR.P. ART. 733 (“A subpoena shall state the name of the court and the title of the case and shall command the attendance of a witness at a time and place specified.”) Contumacious failure to comply with a subpoena or order to appear for arraignment after notice is punishable by contempt.
 
 See
 
 La.C.Cr.P. arts. 21(1) and (2). We, therefore, extend the application of the procedural requirements for proper service of a subpoena to the proper service of notice of arraignment in those limited cases where the defendant is not in custody
 
 and
 
 not released on a bail undertaking.
 

 And we have previously held that leaving a subpoena on the door of a residence is
 
 not
 
 proper service.
 
 See State v. Hill,
 
 534 So.2d 1296, 1298 (La.App. 4th Cir. 1988). At the time we decided
 
 Hill,
 
 LA. C.CR.P. ART. 735 admitted of only two types of service: personal and domiciliary.
 
 [6]
 
 We emphasized that “[pjroper domiciliary service requires that the sheriff leave the subpoena at the dwelling house or usual abode of the witness with a person of suitable age and discretion residing therein as a member of the domiciliary establishment of the witness.’ ”
 
 Id.
 
 We concluded that “the return indicates that the subpoena was delivered but delivered incorrectly.”
 
 Id.
 

 La. C.CR.P. art. 579 A(3) provides for interruption of the two-year prescriptive period when “[t]he defendant fails to appear at any proceeding pursuant to actual notice,
 
 proof of which appears of record.”
 
 (emphasis added) Because the leaving the notice of arraignment in Mr. Dillon’s door on December 5, 1990 does not constitute proper service, the trial judge’s ruling is based upon an erroneous view of the law.
 

 | f;In our examination of the record for any other documented proof of actual service, we have been unable to locate any other documentation. For example, as we noted earlier, had Mr. Dillon been released on bail, some particular reporting obli
 
 *477
 
 gations on his part may have been triggered which might suffice for “actual notice.”
 
 See State v. Peters,
 
 10-939 (La.App. 4 Cir. 11/17/10), 52 So.3d 233;
 
 see also
 
 La. C.CR.P. art. 322 C. But in the absence of a bail obligation, no such triggering occurred.
 
 See State v. Sorden,
 
 09-1416 (La.App. 4 Cir. 8/4/10), 45 So.3d 181. Because Mr. Dillon was released from pretrial detention not on bail but by a PCR, the prosecution must show more than attempted domiciliary service on him.
 
 See State v. Foster,
 
 96-0670 (La.6/28/96), 675 So.2d 1101.
 

 As a consequence, the trial court’s erroneous finding that such service of the notice was proper cannot be the basis upon which the time limitation or prescriptive period was interrupted. Because that was the only basis for the trial court’s ruling, we reverse the ruling.
 

 IV
 

 Although we conclude that as a matter of law the deputy sheriffs return in this case does not satisfy the requirement of proof of actual notice, our decision to reverse the trial court’s ruling is not fully dispositive of the motion to quash in this matter.
 

 The trial court’s erroneous ruling that there was proof of actual notice prematurely terminated the hearing on the motion to quash. If the prescriptive period had been interrupted by record proof of actual notice, no further action on the part of the prosecution would be required to carry its burden.
 
 See State v. Romar,
 
 07-2140, p. 3 (La.7/1/08), 985 So.2d 722, 725;
 
 State v. Baptiste,
 
 08-2468 (La.6/23/10), 38 So.3d 247. Now that we have reversed the erroneous ruling, we |7must afford the prosecution an opportunity to establish some other ground for its claim that the prescriptive period has been interrupted.
 
 Foster, supra.
 

 [7]
 

 The premature termination of the motion to quash hearing additionally prevented the defense from offering evidence that Mr. Dillon’s federal and state constitutional rights to a speedy trial had been violated.
 
 See Barker v. Wingo,
 
 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972);
 
 Doggett v. U.S.,
 
 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Consequently, we remand the matter to the trial court with instructions.
 
 Cf. State v. Walton,
 
 06-2553 (La.6/1/07), 957 So.2d 133, 134 (per curiam);
 
 State v. Floyd,
 
 07-0216 (La.10/5/07), 965 So.2d 865.
 

 REMAND INSTRUCTIONS
 

 The case is remanded to the trial court for the purpose of re-opening the hearing
 
 *478
 
 on the motion to quash. At the hearing, unless the prosecution is able to show record proof of actual notice, it shall bear the heavy burden of showing that it is excused from trying the accused on the charge of issuing worthless checks beyond the two-year period of limitation.
 
 Romar, supra.
 
 Also, the defendant shall |8be afforded an opportunity to establish that his constitutional rights to a speedy trial have been violated.
 

 If the trial court rules favorably to the defendant and sustains his motion, it shall provide him with the opportunity of withdrawing his guilty plea, dismiss the charges, and discharge Mr. Dillon.
 
 See
 
 LA. C.CR.P. ART. 581;
 
 Sorden,
 
 p. 17, 45 So.3d at 191. The prosecution may file an appeal from the ruling.
 
 See
 
 La. C.CR.P. art. 912 B(l).
 

 In the event of a ruling on the motion adverse to the defendant, the trial court shall maintain the guilty plea, and Mr. Dillon may again appeal his conviction and sentence to this court on the basis of his original
 
 Crosby
 
 reservation.
 
 Floyd, supra.
 

 DECREE
 

 The trial court’s ruling on the motion to quash filed by the defendant, Larry Dillon, is reversed. The matter is remanded to the trial court in order for it to comply with our instructions.
 

 REVERSED AND REMANDED
 

 [1]
 

 . At the time this was a violation of former La. R.S. 14:71 B. Currently, the offense is a misdemeanor.
 
 See
 
 LA. R.S. 14:71 E.
 

 [2]
 

 .The guilty plea was entered pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). A Crosby-plea allows a defendant to bargain for a reservation of a right to appeal an adverse pretrial ruling, which does not constitute a jurisdictional defect. A jurisdictional defect has been described as one which "may be invoked by any one at any time and anywhere.”
 
 State v. Nicolosi,
 
 128 La. 836, 55 So. 475, 478 (1910). "A motion to quash on the ground that the time limitation for commencement of trial has expired may be filed at any time before commencement of trial.” LA. C.CR.P. ART. 535 B. The failure to seek dismissal of the charges by filing this motion before trial waives the ground.
 
 See State
 
 v.
 
 Major,
 
 03-249 (La.App. 3 Cir. 3/2/05), 898 So.2d 548.
 

 [3]
 

 . The district judge sentenced Mr. Dillon to serve one year in the Department of Corrections, which sentence was suspended on Mr. Dillon's satisfactory completion of a one-year active probationary term.
 

 [4]
 

 . The time limitation is also subject to suspension,
 
 see
 
 LaC.Cr.P. art. 580, but suspension is not an issue in this case.
 

 [5]
 

 . This apparent
 
 lacuna
 
 in the procedural law is likely attributable to the circumstance that in the usual case a defendant is either incarcerated (and his appearance is arranged directly through the sheriff, his custodian) or has been released from pretrial detention on bail (which has its own notification requirements).
 

 [6]
 

 . La. C.CR.P. art. 735 was amended in 1989 (before the filing of the bill of information in this case) for service by United States mail. The record on appeal does not indicate mail service was attempted on Mr. Dillon.
 

 [7]
 

 . We quote the complete
 
 Foster
 
 ruling:
 

 Granted in part; denied in part. The single attempt at domiciliary service upon relator by leaving the subpoena with an unidentified Ms. Lewis, who indicated that she did not see relator often at that address and refused to sign the return, did not establish that relator had actual notice of the proceedings and did not discharge the state's heavy burden "to exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him.”
 
 State v. Estill,
 
 614 So.2d 709, 710 (La.1993). This case is remanded to the district court for purposes of reopening the hearing on relator’s motion to quash. The state may present evidence of what additional steps, if any, it took to execute the capias issued after relator's failure to appear in court and thereby secure his presence at trial. Cf.,
 
 City of Baton Rouge v. Wheat,
 
 377 So.2d 1234 (La.1970)[sic. The correct year is 1979.] Relator may also present evidence on the question of whether he absented himself from his usual abode or had actual notice of the arraignment for which he failed to appear. La.C.Cr.P. art. 579 A(l) and (3). The district court is to rule anew on the basis of the expanded record. Relator may appeal from an adverse ruling. In all other respects, the application is denied.
 

 Foster,
 
 96-0670, p. 1, 675 So.2d at 1102.