EDWIN A. LOMBARD, Judge.
I,The State of Louisiana appeals the trial court judgment granting the defendant’s motion to quash. After a review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.
STATEMENT OF THE CASE
On July 13, 2005, the defendant/appellee, Clifton Drummer, was arrested at 2525 Lafitte Avenue, New Orleans, Louisiana. He was charged with having committed a theft between $100 and $500. The New Orleans Police Department Gist Sheet, as prepared by police at the time of his arrest, reflects the defendant’s address as 4323 S. Derbigny Street, New Orleans, Louisiana. However, the defendant’s home address as listed in the arrest register and the district attorney’s screen form is 2525 N. Derbigny Street, New Orleans, Louisiana.
On August 5, 2005, the State officially charged the defendant with theft of goods between $300 and $500 by bill of information. On that same date, a $20,000 capias was issued for the defendant and the defendant posted a surety bond of $5,000. The defendant was released from custody the following day on August 6, 2006. That bond is missing from the trial court record.
|2The matter was originally set for arraignment on August 23, 2005, but did not *667 occur because the court was closed that day. The court reset the arraignment for September 7, 2005, but because of Hurricane Katrina and its effect on the city, no proceedings were set again until May 16, 2006. A status hearing was to be held that day, but the defendant did not appear.
The court set arraignment for June 8, 2006, but again, the defendant did not appear. On July 27, 2006, when the defendant failed to appear, the State moved that his bond, originally posted following his arrest in July 2005, be forfeited. The court granted the forfeiture request and issued an alias capias in the amount of $25,000. The matter was then continued without date.
On April 19, 2011, the defendant appeared in court following his arrest on the capias. On April 29, 2011, the defendant appeared with counsel and the trial court reduced his bond to $10,000. The address entered on the new bond was 4328 S. Derbigny Street, New Orleans, Louisiana, the same address found on the NOPD Gist Sheet generated at the time of the arrest in 2005.
On May 10, 2011, the defendant filed a motion to quash on the grounds that the time for bringing him to trial had expired. At a hearing held on May 24, 2011, the trial court granted the defendant’s motion.
STATEMENT OF THE FACTS
The underlying facts of this case are not pertinent to the appeal. The issues are purely procedural in nature.
STANDARD OF REVIEW
Trial court rulings on motions to quash on grounds of prescription are reviewed under an abuse-of-discretion standard. State v. Dillon, 11-0188, p. 4 (La.App. 4 Cir. 8/24/11), 72 So.3d 473, 475.
JjjDISCUSSION
The State’s sole assignment of error is that the trial court abused its discretion in granting the defendant’s motion to quash. The State cites La.Code Crim. Proc. art. 536, which states:
A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on- grounds not stated in the motion.
In response, the defendant posits that his motion to quash does state the grounds upon which it is based in accordance with La.Code Crim. Proc. art. 532(7), citing that the State failed to bring the matter to trial within the statutory two-year period mandated by La.Code Crim. Proc. art. 578 A(2)[1]
The State concedes that more than two years have elapsed since the defendant was charged by bill of information, but argues that it has pursued the prosecution of this case with due diligence by “sending notice to the defendant at the address he provided to the State when he arrested.” As such, the State contends that when the defendant failed to appear in June and July of 2006, prescription was interrupted under La.Code Crim. Proc. art. 579, which, in pertinent part provides:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant, at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, *668 or is absent from his usual place of abode within the state; or
* * :|:
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.
|4When a defendant moves to quash the charge against him due to a violation of time limits pursuant to article 578, the State bears the burden of showing that an interruption under article 579 occurred. See State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284; see also State v. Paul, 2011-1347 (La. 4 Cir.App. 10/3/12), - So.3d - (“the State is under heavy burden to show cause for delay”) (citation omitted). That burden ordinarily “requires the State to exercise due diligence in discovering the whereabouts of the defendant as well as taking appropriate steps to secure his presence for trial once it has found him.” State v. Romar, 07-2140, p. 3 (La.7/1/08), 985 So.2d 722, 725; citing State v. Bobo, 03-2362, p. 5 (La.4/30/04), 872 So.2d 1052, 1055-56.
In the instant case, a review of the record indicates that the State has offered no evidence that an interruption or suspension of time limitation has occurred. The State has not provided any evidence that would tend to establish that the reason why the defendant was never served is because he intentionally absented himself from this jurisdiction. On the contrary, the evidence presented at the hearing, including the defendant’s drivers’ license from the period in question bearing the 4323 S. Derbigny address, the NOPD Gist Sheet and elsewhere in the report displaying the same, tend to establish that the defendant gave the correct address at the time of his arrest. If the State conducted its prosecution with due diligence, it appears that the State would have discovered the discrepancy and attempted to resolve the issue six years ago. Instead, the record simply contains the single attempt at service at the 2525 N. Derbigny St. address, an address the State has not shown the defendant supplied.
|BConclusion
For the above and foregoing reasons, we affirm the trial court’s ruling granting the defendant’s motion to quash.
AFFIRMED

. "Except as otherwise provided in this chapter, no trial shall be commenced nor any bail obligation be enforceable: (2) In other felony cases, after two years from the date of institution of the prosecution.”