STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-566


STATE OF LOUISIANA

VERSUS

JOHN WESLEY PERRY, JR.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 284,807
HONORABLE PATRICIA E. KOCH, DISTRICT JUDGE

**********

**JIMMIE C. PETERS**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.


**AFFIRMED.**

**James C. Downs**
**District Attorney**
**Thomas R. Willson**
**Assistant District Attorney**
**Ninth Judicial District**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**COUNSEL FOR APPELLANT:**
     **State of Louisiana**

**Darrell K. Hickman**
**P. O. Box 48**
**Alexandria, LA 71309-0048**
**(318) 448-6353**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **John Wesley Perry, Jr.**

**PETERS, J.**

This appeal is one of four[1] now before us involving the same defendant and the same issue. In this appeal, the State of Louisiana (state) seeks reversal of the trial court's grant of a motion to quash the bill of information filed against the defendant, John Wesley Perry, Jr., thereby dismissing the charge of possession of marijuana, a violation of La.R.S. 40:966. For the following reasons, we affirm the grant of the motion to quash the bill of information.

The basic facts surrounding this criminal charge are not in dispute. The defendant was arrested and charged with the offense of possession of marijuana with the intent to distribute. The date of the offense was July 30, 2006, and he posted a $5,000.00 bond on August 14, 2006, to secure his release from custody. Although prepared on what appears to be a standard appearance bond form, the copy of that bond in the record reflects that the defendant appears as both the principal and surety and lists his address as 2323 Olive Street in Alexandria, Louisiana. While it does not designate a court appearance date to answer for the charge, it does provide that the "named principal will appear at all stages of the proceedings in the Ninth Judicial District Court to answer that charge or any related charge, and will at all times hold himself amenable to the orders and process of the Court[.]" At the bottom of the form appears an attestation clause signed by the defendant without any further certification. That attestation clause contains a signature line for the approval of the Sheriff and/or Judge, but both of

---

[1] There were actually five cases before the trial court when it rendered judgment in all five granting the defendant's motion to quash. These bore Ninth Judicial District Court Docket Numbers 284,807; 286,892; 286,893; 288,318; and 288,319. The issues involving Docket Number 284,807 are before us in this appeal raised in Docket Number 13-566, while Docket Number 13-567 of this court addresses the issues raised in Docket Number 286,893; Docket Number 13-568 of this court addresses the issues raised in Docket Number 286,319; and Docket Number 13-569 of this court addresses the issues raised in Docket Number 286,318. The state did not appeal the judgment in Docket Number 286,892.

these lines are blank.

In an October 30, 2006 bill of information, the state charged the defendant with only having committed the offense of possession of marijuana on or about July 30, 2006, a misdemeanor violation of La.R.S. 40:966, instead of the felony "intent to distribute" violation for which he was arrested. The record contains a copy of an unsigned document entitled "**<u>NOTICE OF ARRAIGNMENT</u>**" dated December 27, 2006, purporting to notify the defendant of his January 19, 2007 arraignment date for the charge. The copy bears a heading reflecting that it was generated by the Rapides Parish Sheriff's Office; contains an unsigned signature line at the bottom of the page; lists the defendant's address as 2236 B West Sycamore Street, Alexandria, Louisiana; and includes the instruction to the defendant that "**FAILURE TO APPEAR SHALL RESULT IN <u>BOND FORFEITURE</u> AND AN <u>ARREST WARRANT</u> FOR YOUR IMMEDIATE ARREST AND FOR <u>CONTEMPT OF COURT</u>.**" The copy of the notice in the record is followed by a copy of an unsigned letter also bearing the Rapides Parish Sheriff's Office letterhead, dated December 28, 2006, but addressed to the defendant at the 2323 Olive Street address listed on the surety bond rather than the West Sycamore Street address listed on the other notice document. This letter again purports to instruct the defendant that his arraignment is scheduled for January 19, 2007, and explains the consequences of a failure to appear.

The defendant did not appear for his arraignment on January 19, 2007, and the trial court issued a bench warrant and bond forfeiture for his failure to appear. On that same day, the trial court executed a written bond forfeiture judgment. The address for the defendant listed in the judgment is the Olive Street address. The trial court record also contains a certificate from the Rapides Parish Clerk of Court,

2

asserting that on March 12, 2007, that office forwarded written notice of the bench warrant and bond forfeiture judgments rendered on January 19, 2007, to the defendant at the Olive Street address. However, this certificate does not assert that the defendant was provided with a copy of the judgment itself.

Some years later, the defendant was arrested on the bench warrant.[2] He entered a not guilty plea to the charge now before the court at his August 10, 2012 arraignment, and filed his motion to quash the bill of information on October 8, 2012. The trial court heard the motion on November 27, 2012.[3] With regard to evidence presented at the hearing on the motion, counsel for the state advised the trial court that "I have an exhibit which we're going to file in globo." The hearing transcript does not elaborate on the content of the in globo exhibit, but at a later time in the hearing, counsel for the state made the following comment:

> Yes, and I'm going to – I'm going to submit, Your Honor, the minutes – the notice to Mr. Perry that was sent to 2323 Olive Street, the – also the bond information which does have that as his address. And I'm going to submit that as State's Exhibit 1 in globo and I will submit as my memorandum, State versus Williams, which is a new case out of the Fourth Circuit and it's 544 So.3d - no, 95 So.3d 584.

Despite this language, the record contains no exhibit, nor does it contain any reference to the trial court ordering any exhibit introduced. The trial court took all of the pending matters before it under advisement, and, by written reasons dated February 8, 2013, granted the defendant's motion to quash in all five cases.

In its reasons for judgment granting the motion to quash as to all the pending matters, the trial court stated the following:

---

[2] Although the defendant's brief in support of the motion to quash asserts that he was taken into custody on the outstanding bench warrant on July 31, 2012, after having been arrested for another unrelated offense, the trial record contains no evidence of how and when the defendant returned to the custody of the state for the possession of marijuana offense.

[3] The motion to quash was filed in all of the cases before us at this time, and, because the issue was the same in all of the cases, the trial court considered the individual motions in a single hearing.

3

Jurisprudence is clear that the mailing of the arraignment date to the Defendant's address does not constitute actual notice. The State mailed the notice of the arraignment and did not use any other method of service. Since there was no actual notice, the prescription period for which to commence trial was not interrupted or suspended. Defendant was billed and mailed notice of the arraignment approximately one year after the arrests and the State now seeks to commence trial nearly 5 years after the Bill of Information was filed. The Court finds that the two year time limitation for the institution of prosecution has expired and the State has not met its burden of proof showing that the [sic] this time limitation has been interrupted or suspended.

On March 4, 2013, the trial court issued an order granting the motion to quash and dismissing the charge pending against the defendant. In response, the state perfected this appeal, wherein it asserted three assignments of error: 1) the trial court erred in finding there was no duty on the part of a defendant released on bond to provide the court with his/her current address; 2) the trial court erred in finding a defendant released on bond is required to receive actual notice of the date of any court appearance set in his/her case; and 3) the trial court erred in its interpretation of La.Code Crim.P. art. 579, when it decided that only actual notice would suffice for interruption of the time limitations provided by La.Code Crim.P. art. 578.

**OPINION**

Louisiana Code of Criminal Procedure Article 578 provides:

A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:

(1) In capital cases after three years from the date of institution of the prosecution.

(2) In other felony cases after two years from the date of institution of the prosecution; and

(3) In misdemeanor cases after one year from the date of institution of the prosecution.

4

B.    The offense charged shall determine the applicable limitation.

In the matter now before us, the state charged the defendant with possession of marijuana, first offense, which is a misdemeanor.  La.R.S. 40:966(E), La.R.S. 14:2(4) and (6).  Thus, the state had one year from institution of prosecution to commence trial.  La.Code Crim.P. art. 578(A)(3).  Institution of prosecution began when the state filed the bill of information on October 30, 2006.  La.Code Crim.P. art. 934(7).  The next step in the prosecution was the defendant's arraignment on August 10, 2012.  Thus, clearly the defendant was not tried within the time limits of La.Code Crim.P. art. 578(A)(3).

> The rule, repeatedly upheld by this court, is that once a defendant . . . shows that his trial was not commenced within [one year] after the date of the institution of the prosecution, the State "bears the heavy burden of showing that it is excused from trying the accused on a charge later than the period mandated by [La.C.Cr.P. art.] 578." *State v. Groth*, 483 So.2d 596, 599 (La.1986); *State v. Amarena*, 426 So.2d 613, 617 (La.1983); *State v. Devito*, 391 So.2d 813, 816 (La.1980) (on reh'g).  This heavy burden "requires the State to exercise due diligence in discovering the whereabouts of the defendant as well as taking appropriate steps to secure his presence for trial once it has found him." *State v. Chadbourne*, 98-1998, p. 1 (La.1/8/99), 728 So.2d 832.  The State may discharge this burden by demonstrating that a ground for interruption exists under La.C.Cr.P. art. 579 . . . .

*State v. Bobo*, 03-2362, pp. 4-5 (La. 4/30/04), 872 So.2d 1052, 1055-56 & n.2.

With regard to interruption of the time period in which to begin prosecution, La.Code Crim.P. art. 579 provides:

> A. The period of limitation established by Article 578 shall be interrupted if:
>
> (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
>
> (2)  The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other reasons beyond the control of the state; or

5

(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.

B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.

In its reasons for judgment, the trial court stated that the appearance bond executed by the defendant "did not contain any provision in which the Defendant was instructed that he would be under any obligation to keep his address current with the agency or division in the judicial system." The state, in its first assignment of error argues that the trial court erred in concluding that a defendant released on bond has no obligation to provide the court with his current address. While we agree with the state that La.Code Crim.P. art. 322(A)[4] does require a defendant released on bond to file in the criminal proceedings a written declaration changing the address listed on the appearance bond document, we find that the trial court's error in this regard is irrelevant to the issue before this court on appeal. Simply stated, there is no evidence in the record to suggest that the defendant changed his address from the address listed on the appearance bond document. Thus, we need not consider this assignment of error.

In its last two assignments of error, the state asserts that the trial court erred in concluding that a defendant released on bond must receive actual notice of the date of any court appearance and that actual notice is required to interrupt the time limitations provided by La.Code Crim.P. art. 578. This issue arises because the Rapides Parish Sheriff's Office uses the United States postal service to mail

---

[4] In 2006, Louisiana Code of Criminal Procedure Article 322(A) read as follows:

The defendant when signing a bail bond shall write under his signature the address at which he resides. The address shall be conclusively presumed to continue for all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address.

6

required notices to defendants by first class mail. The state argues that the presence in the record of the previously referenced notices dated December 27 and December 28, 2006, is proof that they were mailed; and that notice by United States first class mail is sufficient. The defendant's position is that he did not receive the notice setting his arraignment on January 19, 2007, and there is no evidence to the contrary.

In concluding jurisprudentially that the mailing of an arraignment notice does not constitute actual notice, the trial court relied on the *State v. Dillon*, 11-188 (La.App. 4 Cir. 8/24/11), 72 So.3d 473. In *Dillon*, the defendant was arrested and bail was set, but not posted. Instead, he was released under an internal program of the prison wherein he was incarcerated. The prison document executed by the defendant to obtain his release included his home address, and after he was released from custody, the state filed a bill of information charging him with issuing worthless checks in a felony amount. The Sheriff's office thrice attempted to serve the defendant with notice of arraignment at the address provided on the prison release document, and, on the third attempt, left the notice on the door of the home located at that address.

The defendant failed to appear for arraignment, and a warrant was issued for his arrest. He was arrested on the warrant approximately twenty years later and, after his arraignment, filed a motion to quash. The trial court concluded that the notice left on the door was sufficient notice to the defendant of the arraignment date. The fourth circuit disagreed and granted the motion to quash. However, in doing so, it drew a distinction between the notice required of a defendant released pursuant to a bond obligation and one released without a bond obligation.

7

In drawing this distinction, the fourth circuit first noted that there exists "no express provision of our procedural law specifically regarding service on a defendant of notice of his arraignment."[5] *Id.* at 476. Noting that the notice of arraignment "closely resembles the form for a subpoena of a witness[,]" the court in *Dillon*, stated, "We, therefore, extend the application of the procedural requirements for proper service of a subpoena to the proper service of notice of arraignment in those limited cases where the defendant is not in custody *and* not released on a bail undertaking." *Id.* Noting that the jurisprudence provides that "leaving a subpoena on the door of a residence is *not* proper service[,]" the fourth circuit concluded that service by the sheriff in this case did not meet the notice requirements.

While we do not disagree with the decision in *Dillon*, we find it distinguishable from the case before us. Thus, we find the trial court's reliance on that decision and conclusion that the mailing of notice of an arraignment date in all cases is insufficient to constitute notice, to be error. The *Dillon* court limited its decision to a situation where a defendant is not in custody and is not subject to a bail obligation. With regards to the notice requirements for a defendant released pursuant to an appearance bond obligation, La.Code Crim.P. art. 344 provides in pertinent part:

. . . .

B. When a bail bond does not fix the appearance date, written notice of the time, date, and place the defendant is first ordered by the court to appear shall be given to the defendant or his duly appointed agent and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety.

_____

[5] In a footnote, the court explained that this oversight was "likely attributable to the circumstance that in the usual case a defendant is either incarcerated (and his appearance is arranged directly through the sheriff, his custodian) or has been released from pretrial detention on bail (which has its own notification requirements)." *Dillon*, 72 So.3d at 476, n.5.

8

. . . .

D. Notice required pursuant to the provisions of this Article to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety shall be made to the address provided pursuant to Article 322. Notice may be:

. . . .

(2) Mailed by United States first class mail at least five days prior to the appearance date.

In the matter now before us, the defendant was released on an unsecured, personal security bond as provided for in La.Code Crim.P. art. 317, and mailing notice to him at the Olive Street address provided on the appearance bond would constitute adequate notice. Thus, the only question before us is whether the state carried its burden of establishing an interruption of the period of limitation provided in La.Code Crim.P. art. 578, by showing that the defendant failed to appear at the arraignment proceeding "pursuant to actual notice, proof of which appears of record." La.Code Crim.P. art. 579(A)(3). We find that the state fell short of its burden of proof in this regard.

In argument to the trial court at the hearing on the motion to quash the bill of information, the state relied on "the minutes – the notice to Mr. Perry that was sent to 2323 Olive street, the – also the bond information which does have that as his address." The minutes simply state that:

No appearance was made by accused or by attorney. State represented by C MAXWELL. Testimony given by Dep. Gus Sarpy. State offered notices and bond. Bench warrant and bond forfeiture. Bond set at 5,000.00. Contempt bond set at 10,000.00. No R O R. Commercial or cash bond only.

As previously stated, there are copies of two arraignment notices filed in the trial record. The first, in a formal notice format, is dated December 27, 2006, and addressed to the defendant at 2236 B West Sycamore Street, Alexandria, Louisiana.

9

The second, in letter form, is dated December 28, 2006, and addressed to the defendant at 2323 Olive Street, Alexandria, Louisiana. Both purport to notify the defendant that the arraignment is scheduled for January 19, 2007. However, neither copy bears a signature, and the record contains nothing to establish that either document was actually mailed.

Because the state has failed to establish that notice, mailed or otherwise, was served on the defendant, we find that the trial court properly granted the motion to quash the bill of information charging the defendant with possession of marijuana.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment granting the motion to quash filed by the defendant, John Wesley Perry, Jr., and dismissing the bill of information charging him with the offense of possession of marijuana.

**AFFIRMED.**

10