MADELEINE M. LANDRIEU, Judge.
LThe State of Louisiana appeals the trial court’s judgment quashing the bill of information filed against the defendant, Courtney Thomas. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEEDINGS BELOW
Mr. Thomas was charged on July 30, 2004 by bill of information with two counts of access device fraud, violations of La. R.S. 14:70.2. Mr. Thomas was arraigned on August 11, 2004 and entered a plea of not guilty. On December 16, 2004, Mr. Thomas failed to appear for a hearing on motions, and the court issued an alias capias. Mr. Thomas reappeared in court on De *1044 cember-17, 2004, and the alias capias was recalled. Following Hurricane Katrina, Mr. Thomas’ case was reset on the docket. A pre-trial hearing was set for February 2, 2007. Mr. Thomas failed to appear at the February 2, 2007 hearing, and the court issued an alias capias. On May 1, 2013, approximately five and one-half years later, Mr. Thomas was arrested and appeared in court.
|2On June 21, 2013, Mr. Thomas filed a motion to quash the bill of information on the grounds that the two year prescriptive period for prosecuting him had expired. After a hearing, the trial court granted Mr. Thomas’ motion to quash, issuing written reasons on July 23, 2013. This appeal followed.
DISCUSSION
In its sole assignment of error, the State asserts that the trial court erred by granting Mr. Thomas’s motion to quash the bill of information, arguing that the time limitation for commencing the trial had not expired at the time the motion was granted. Under Louisiana Code of Criminal Procedure article 578, “no trial shall be commenced ... in other felony cases after two years from the date of institution of the prosecution.” Article 579(A) provides, however, that this two year prescriptive period is interrupted and begins to run anew if the following occurs:
(1)The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
If the two year prescriptive period expires without having been interrupted, the trial court must dismiss the ease. La.C.Cr.P. art. 581.
The State argues that prescription had not run because Mr. Thomas failed to appear at the February 2, 2007 hearing after having been given sufficient notice of the hearing. Specifically, the State asserts that prescription was interrupted because ^either the defendant failed to update his address, in violation of the bond provision in Louisiana Code of Criminal Procedure article 322(A)[1], which delayed trial in a manner beyond the control of the State; or when the defendant failed to appear despite having been adequately notified.
The State, in challenging Mr. Thomas’ motion to quash, bears the burden of proving that prescription was interrupted. This court recently reiterated the burden in State v. Joseph, 2012-1176, p. 3 *1045 (La.App. 4 Cir. 3/20/13), 112 So.3d 363, 365:
Because statutes of limitation are the primary guarantee against inordinate delays and represent the legislative balancing of the interests of the state against the interest of the defendant, “these limitations should be given effect unless the state carries its burden of showing valid grounds to support an interruption or sufficient suspension of these time periods.” (citations omitted)
When, as in this case, a defendant brings an apparent meritorious motion to quash based on prescription, the State bears a heavy burden of demonstrating either an interruption or a suspension of the time limitation “such that prescription will not have tolled.” (citations omitted)
The State’s first argument, that Mr. Thomas was at fault for failing to update his address under the bond provision in Louisiana Code of Criminal Procedure article 322(A), is without merit. The record lacks any indication that Mr. Thomas’ |4address on file was incorrect, or that Mr. Thomas moved from the address on file after he entered into the bond contract.
We next turn to the State’s argument that Mr. Thomas received adequate notice and that his failure to appear at the February 7, 2007 hearing interrupted prescription pursuant to Louisiana Code of Criminal Procedure article 579(A)(3). At the hearing on the motion to quash, the State referenced the service return, which apparently indicated the method of service as “other” and states “left at door” in the comments section, as proof that Mr. Thomas was adequately notified. However, the State failed to introduce into evidence the return slip. In granting the motion to quash, the trial court stated, “[t]he State has not presented any evidence to substantiate its claim that the defendant was properly served with notice of February 2, 2007 hearing.”
We first note that the State failed to introduce into evidence the return slip which it contends supports its argument that Mr. Thomas had notice of the February 2, 2007 hearing. As we are confined to the record, we cannot give consideration to the return slip. State v. McQuirter, 2012-0486, p. 1 (La.App. 4 Cir. 1/23/13), 108 So.3d 370, 371.
This court recently faced the same issue in State v. Jordan, 2012-0930 (La.App. 4 Cir. 6/5/13), 118 So.3d 1235; writ denied, 2013-1628 (La.2/7/14), 131 So.3d 854. There, Mr. Jordan was charged with possession of heroin with intent to distribute and possession of a firearm by a convicted felon and was released on bond. The trial court granted Mr. Jordan’s motion to quash based on prescription. |fiThe State appealed, arguing that the return slip evidenced that the defendant was adequately notified and that prescription had been interrupted. However, the State failed to introduce that return slip into evidence at the trial court. The State in Jordan attempted to supplement the record with the return slip. In denying the State’s motion to supplement the record and affirming the trial court’s judgment granting the motion to quash, this court stated:
The State’s argument that the prescriptive period of La.C.Cr.P. article 578 was interrupted is based solely on an October 2008 return on service for defendant showing that notice of his arraignment date was left on his door at the address he listed on his bond. However, the State did not attach this document to a response to the defendant’s motion to quash (the State did not file any written response) or introduce the return on service at the motion to quash hearing.... [W]e must deny the State’s motion to supplement the record with this document because it was not pre *1046 sented to the trial court. See State v. McQuirter, 12-486, p. 1 (La.App. 4 Cir. 1/23/13), 108 So.3d 370, 371. See also State v. Johnson, 09-259, p. 10 (La.App. 4 Cir. 9/16/09), 22 So.3d 205, 212, (“an appellate court may not consider evidence which is outside the record.”)
Our review of the record shows that the State did not carry its burden of proving an interruption to the time limitation of La. C.Cr.P. article 578 that is applicable in this case. Because the State did not commence trial within two years of the institution of prosecution, and did not prove an interruption of the prescriptive period, the trial court did not abuse its discretion in granting the defendant’s motion to quash the bill of information.
Jordan, 2012-0930, pp. 4-5; 118 So.3d at 1237-38.
Even if the return slip was in the record, the State’s argument would fail. Louisiana Code of Criminal Procedure article 579(A)(3) requires that in order for prescription to be interrupted, the defendant must have received actual notice prior to failing to appear. This court has consistently held that notice “left at door” does Lnot constitute actual notice as it is neither personal nor domiciliary service,[2] and we have previously held that leaving a subpoena on the door of a residence is not proper service. State v. Dillon, 2011-0188, p. 5 (La.App. 4 Cir. 8/24/11); 72 So.3d 473, 476; State v. Hill, 534 So.2d 1296, 1298 (La.App. 4th ir.1988).[3]
In its ruling, the trial court stated, “[l]eaving a notice of hearing in the door of Mr. Thomas’ home is not proper service because Mr. Thomas was not properly served with notice of the hearing. The prescriptive period was not interrupted when he failed to appear for that February 2, 2007 hearing.” The trial court further stated that it was required to determine the date on which the two-year prescriptive period commenced, taking into account the disruption caused by Hurricane Katrina from August 26, 2005 until Orleans Parish Criminal Court reopened on June 5, 2006, which was when the prescriptive period began to run anew. Whether the court closures due to Hurricane Katrina served as an interruption or suspension of prescription, the latest the State could have commenced trial was June 5, 2008, and the State failed to do so.
| /Because the State failed to meet its heavy burden to prove that prescription had been interrupted and had not yet expired, we find that the trial court did not err in granting Mr. Thomas’ motion to quash the bill of information.
CONCLUSION
For the above reasons, we affirm the trial court’s judgment granting Mr. Thom *1047 as’s motion to quash the bill of information.
AFFIRMED.

. A. The defendant and personal surety signing a bail bond shall write the address at which each can be served under their respective signatures and the last four digits of their social security number. The defendant and his counsel may, by joint affidavit filed of record in the proceeding in which the bond was given, appoint his counsel as his agent for service of notice to appear. The appointment shall be conclusively presumed to continue until the defendant files of record an affidavit revoking or changing the appointment. The affidavit shall include the address at which to serve his counsel. A commercial surety shall inscribe its proper mailing address on the face of the power of attorney used to execute the bond. The agent or bondsman posting the bond shall write his proper mailing address under his signature. A bail bond shall not be set aside because of the invalidity of the information required by this Article or for the failure to include the information required by the provisions of this Article.

. Louisiana Code of Criminal Procedure article 735(A) states:
Unless otherwise directed by the state or defendant, subpoenas shall be served by domiciliary service, personal service, or United States mail as provided in Paragraph B. Personal service is made when the sheriff tenders the subpoena to the witness. Domiciliary service is made when the sheriff leaves the subpoena at the dwelling house or usual abode of the witness with a person of suitable age and discretion residing therein as a member of the domiciliary establishment of the witness, (emphasis added).

. The court in Hill states:
La. C. Cr. P. art. 735 allows service of a subpoena by personal or domiciliary service. Proper domiciliary service requires that the sheriff leave the subpoena at the "dwelling house or usual abode of the witness with a person of suitable age and discretion residing therein as a member of the domiciliary establishment of the witness.” The article does not allow the sheriff to leave the subpoena on the door of the witness' residence.