JOY COSSICH LOBRANO, Judge.
|, The State of Louisiana appeals the trial court’s February 9, 2012 judgment granting the motion to quash the bill of information of the defendant, Carl Jordan. The State also filed a motion in this Court, seeking to supplement the appeal record with an October 2008 return on service for the defendant. For reasons that follow, we affirm the judgment granting the motion to quash. We deny the motion to supplement the record because the document contained in the supplement was not presented to the trial court or subjected to adversarial challenge. See State v. McQuirter, 12-486, p. 1 (La.App. 4 Cir. 1/23/13), 108 So.3d 370, 371.
On May 21, 2008, the defendant was arrested on charges of possession of heroin with intent to distribute and possession of a firearm by a convicted felon. The defendant was released several days later after posting bond. In July 2008, while he was out on bond, but prior to the filing of the bill of information in this case, the defendant was arrested on additional charges in Jefferson Parish, and was taken into custody. He was charged by bill of information on the Orleans Parish charges on October 1, 2008. After the defendant failed to appear at his arraignment on October 9, 2008, the trial court issued an alias capias for his arrest with no bond, and set a bond forfeiture hearing for October 31, 2008. When 1 defendant failed to appear for the bond forfeiture hearing, the court issued another alias capias for his arrest with no bond, and continued the matter without date. At another hearing on August 30, 2010, at which defendant did not appear, the trial court reset the bond forfeiture hearing for September 13, 2010. At that hearing, defendant again failed to appear, and the court granted the State’s request for bond forfeiture. Defendant’s counsel subsequently filed a motion to set aside the judgment of bond forfeiture and petition for nullity of judgment, which were both granted by the trial court on April 28, 2011.
On August 18, 2011, the defendant filed a motion to quash the bill of information, arguing that the State failed to prosecute the charges against him within the applicable time limitation set forth in La.C.Cr.P. article 578.[1] At a hearing held on January 12, 2012, the trial court ordered the State to respond to the motion to quash by January 26, 2012. The State did not file a response as of the February 9, 2012 hearing on the motion to quash.
At the hearing on the motion to quash, defense counsel stated that defendant was arrested in May 2008 and released on bond. Charges were filed in the instant case in Orleans Parish on October 1, 2008. In July 2008, while the defendant was out on bond but before he was charged by bill of information, he was arrested in Jefferson Parish, and at the time of the hearing, had been in continuous custody of law enforcement authorities since his Jefferson Parish arrest. The motion to quash was *1237 based on the fact that defendant was not brought to trial within the time period allowed under La.C.Cr.P. article 578.
|sThe State introduced no evidence at the motion to quash hearing, but argued that the defendant received notice of the charges against him and, therefore, prescription was interrupted. The State acknowledged that it did not file a written response to the motion to quash, but asked for an extension of time to file a response. The trial court denied that request, and issued its ruling granting the motion to quash the bill of information. The State now appeals that ruling.
On appeal, the State argues that the trial court abused its discretion by granting the defendant’s motion to quash the bill of information. The State correctly states that a trial court’s ruling on a motion to quash is reviewed under an abuse of discretion standard. See State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206. While acknowledging that La.C.Cr.P. article 578(A)(2) provides that no trial shall be commenced in a non-capital felony case “after two years from the date of the institution of the prosecution,” the State, citing La.C.Cr.P. article 579(A)(3), argues that the prescriptive period in this case was interrupted because the defendant allegedly received notice of his arraignment date, but failed to appear for that proceeding.
La.C.Cr.P. article 579 states:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
14(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
Because the defendant in this case was released on bond following his arrest, the State cites La.C.Cr.P. article 344, which is entitled “Right to Notice of Time and Place of Defendant’s Required Appearance.” La.C.Cr.P. article 344(D)(1) states:
D. Notice required pursuant to the provisions of this Article to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety shall be made to the address provided pursuant to Article 322. Notice may be:
(1) Delivered by an officer designated by the court at least two days prior to the appearance date.
La.C.Cr.P. article 322(B) states that the address provided by the defendant when signing his bail bond “shall be conclusively presumed to continue for all proceedings on the bond until the party providing the address changes it by filing a written declaration in the proceeding for which the bond was filed.”
The State’s argument that the prescriptive period of La.C.Cr.P. article 578 was interrupted is based solely on an October 2008 return on service for defendant showing that notice of his arraignment date was left on his door at the address he listed on his bond. However, the State did not attach this document to a response to the defendant’s motion to quash (the State did not file any written response) or introduce the return on service at the motion to quash hearing. As *1238 stated above, we must deny the State’s motion to supplement the record with this document because it was not presented to the trial court. See State v. McQuirter, 12-486, p. 1 (La.App. 4 Cir. 1/23/13), 108 So.3d 370, 371. See also State v. Johnson, 09-259, p. 10 (La.App. 4 Cir. 9/16/09), 22 So.3d 205, 212, (“an appellate court may not consider evidence which is outside the record.”)
Our review of the record shows that the State did not carry its burden of proving an interruption to the time limitation of La. C.Cr.P. article 578 that is applicable in this case. Because the State did not commence trial within two years of the institution of prosecution, and did not prove an interruption of the prescriptive period, the trial court did not abuse its discretion in granting the defendant’s motion to quash the bill of information.
For the reasons stated above, the trial court judgment granting the defendant’s motion to quash the bill of information is affirmed. The State’s motion to supplement the record is denied.
JUDGMENT AFFIRMED; MOTION TO SUPPLEMENT RECORD DENIED

. Defendant filed a writ application in this Court requesting a writ of mandamus be issued ordering the trial court to act on his motion to quash. On November 29, 2011, this Court, in 2011-K-1626, granted defendant’s writ for the purpose of transferring the motion to quash to the trial court for consideration at a motion hearing scheduled for January 12, 2012.